# Highland Avenue & Belt Railroad Co. v. Sampson.

*Action against Railroad Company to recover Damages for Injuries to Mule and Wagon.*

1. *Action for negligence; amendment of complaint by adding new counts; statute of limitation.*—Where the complaint in an action on the case to recover damages resulting from alleged negligence is amended by the addition of new counts of the same nature, and counting upon the same cause of action, such amendment is not the institution of a new suit, but the counts so added relate back to the time of the filing of the original complaint, and can not be affected by the statute of limitation.

2. *Same; when "recklessly" as used in complaint to describe the manner of doing an act, means negligently.*—In an action on the case to recover damages resulting from certain designated acts, where the complaint alleges that defendant "recklessly and negligently" did the act complained of, the word "recklessly," as qualifying such act, means no more than "negligently;" and the complaint charges only simple negligence.

3. *Same; averments of complaint; when not demurrable.*—Where several acts of negligence stated in a count are alleged conjunctively, a demurrer to such count on the ground that it is ambiguous and that several independent causes of action are joined thereon, is not well taken and is properly overruled.

4. *Action against dummy railway; competency of evidence.*—In an action against a dummy railway company, which runs its trains along the streets of a city, when the pleadings present the issue as to whether defendant was negligent in running its cars over a street intersection where the damages complained of are alleged to have been received, evidence of the number of people who passed there, and how they travelled, is relevant and admissible.

5. *Same; when admission of incompetent evidence rendered harmless.*—In an action against a railroad company to recover damages for negligent killing of plaintiff's mule, where before proving that the mule was struck and killed by one of the defendant's engines or trains, the plaintiff as a witness testifies that upon hearing of his mule being killed he went to see about it, and found her on the side of defendant's track, at the place of the accident, and that he "went there and looked where she was struck," though such testimony is incompetent and inadmissible at that stage of the trial, its admission is rendered harmless by the subsequent proof of the killing of the mule by being struck by one of the defendant's engines.

6. *Same; admissibility of a city ordinance in evidence*—In an action against a dummy railway company, which runs its trains along the streets of a city, when one of the allegations of negligence charged in the complaint is that the train of the defendant which caused the injury complained of was run in violation of an ordinance of said city, such ordinance as constituting a section in the Code of said city's laws, is admissible in evidence.

7. *Non-expert evidence; competent as to rate of speed.*—A witness who saw the train at the time of the accident complained of in a suit against a railroad company, but who is not an expert, is competent to testify as to the rate of speed the train was running at the time of the injury.

8. *Negligence; when question of reckless, wanton or intentional injury not presented; charge to jury.*—In an action against a railroad company, when the complaint charges only simple negligence, and issue is joined on a plea of contributory negligence, there is no question of reckless, wanton or willful negligence, amounting to intentional injury, presented by the pleadings; and a charge so instructing the jury should be given.

9. *Same; same; same.*—Where the pleadings in an action for negligence do not raise the question of willfulness or wantonness on the part the defendant, charges in reference to such degree of negligence are abstract, and properly refused.

10. *Same; when contributory negligence a question for the jury.*—In an action to recover for injuries resulting from alleged negligence, when issue is joined on the plea of contributory negligence, and there is conflict in the evidence in reference thereto, or different inferences in reference thereto can be reasonably drawn from the evidence, the question of contributory negligence is to be determined by the jury.

11. *Same; when contributory negligence is shown; case at bar.*—In an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's mule and injury to his wagon, which were being driven along a street which intersected the street along which defendant's train was being run, if the proof shows that plaintiff's driver was acquainted with defendant's tracks at the place where the injury occurred and without looking in both directions, or, if the view was obstructed, without pausing and listening, he drove upon the track in a trot or quick walk, when by looking or pausing and listening he could have discovered the peril in time to prevent the injury, plaintiff would be guilty of contributory negligence, and a charge asserting this proposition is correct and should have been given.

12. *Charges to the jury; properly refused when ignoring part of the evidence.*—Instructions to the jury which ignore a part of the evidence introduced on the trial are erroneous, and should always be refused.

13. *Violation of municipal ordinance; running of dummy locomotive engine.*—The running of a dummy locomotive forward within the limits of a city at a greater rate of speed than that prescribed by an

[Highland Avenue & Belt Railroad Co. v. Sampson.]

ordinance of said city, is a violation of such ordinance, although the speed was within the limitation for running forward, and it was safer to run the dummy engine backward than forward.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee, Goode Sampson, against the appellant, the Highland Avenue & Belt Railroad Company, to recover damages for killing a mule and destroying a wagon and harness, the property of the plaintiff.

The injury complained of was inflicted on November 28, 1888, and the present suit was instituted on December 3, 1888. The complaint as originally filed contained one count, which, after averring the operation by the defendant of a dummy line along and upon the streets and avenues of the city of Birmingham as a street railroad, carrying passengers thereon, averred that on November 28, 1888, while the plaintiff's mule, hitched to a wagon, was being properly and carefully driven along a street in the city of Birmingham, which intersected with a street upon which defendant had a line of railroad, alleged that defendant, through its employés, "caused its said cars at said time to be run at an unusually high and dangerous rate of speed, and negligently failed to ring a bell or to in any manner warn or signal people crossing its tracks or upon said streets of the near approach of said cars to the aforementioned place, and negligently failed to keep and maintain a proper watch and lookout to avoid collisions with vehicles and people using the streets of said city at said place, and negligently failed and neglected to keep their said cars under safe and proper control at said time, and recklessly and negligently ran their said cars at said place against and over the mule and wagon owned by plaintiff, as aforesaid, which at said time, was being driven upon said streets at the time and place aforementioned, thereby killing the said mule and breaking said wagon and harness in such a manner as to render them of no value."

After the remandment of the cause by this court on the former appeal, the defendant demurred to the original complaint on the ground that it was ambiguous, and that there was joined therein several independent

causes of action. This demurrer was overruled. Subsequently, on March 30th and 31st, 1893, plaintiff amended his complaint by adding thereto the 2d, 3d, 4th, 5th, and 6th counts. In these counts, the negligence complained of was averred in each of them, respectively, as follows : 2 "Defendant so carelessly and negligently conducted itself in the running and operation of its locomotive engine and cars at or near the crossing of Avenue B and 22d street, the same being public highways of said city, and over, along and across which the tracks of defendant's railroad extended, that a locomotive engine of defendant was by the carelessness and negligence of defendant's employès run against the mule and wagon of plaintiff ; and by the careless and negligent management and operation of said locomotive engine and cars by defendant's employès, the plaintiff's said mule was killed and his said wagon and harness greatly broken and damaged."

3. "Defendant so carelessly and negligently conducted itself in the running, operation and control of its locotive engine and in violation of the ordinance of said city of Birmingham, in force on said day and date, regulating the running, operation, management of said locomotive engines along, over and across said streets and avenues of said city, said ordinance was in substance and tenor as follows : [here follows an ordinance of the city, which makes it unlawful for an engine to be run, within the city limits at a greater rate of speed than 8 miles an hour when running forward, or 4 miles when running backward, or running an engine in the night time without having a head-light, or running a dummy engine or train at any time without giving the usual signals required to be given.] And the plaintiff avers that defendant did cause, permit or suffer its locomotive engine on said day at said place, to run at a greater rate of speed than 8 miles an hour running forward in violation of said city ordinance."

In the fourth count the negligence complained of was that the defendant was running its locomotive engine backward at a greater rate of speed than four miles an hour.

In the fifth count, it was alleged that injury was caused by reason of the defendant having its engine run in the night time, without a headlight.

[Highland Avenue & Belt Railroad Co. v. Sampson.]

In the sixth count, the negligence alleged, which resulted in the injury complained of, was that the locomotive and train of the defendant was being run within the corporate limits of the city without ringing the bell or blowing the whistle, in violation of said city ordinance.

To the 3, 4, 5, and 6 counts the defendant demurred upon the grounds that there are joined in said counts several independent, substantive causes of action; that it was not averred in said counts in what respect the defendant violated the alleged ordinance; and that the said counts set up new and independent causes of action. The demurrers to these counts of the complaint were overruled; and the defendant thereupon interposed to said 3, 4, 5, and 6 counts the following pleas: "1. That the causes of action therein alleged did not accrue within one year before the filing of the said counts. 2. That the causes of action are barred by the statute of limitations of one year." To these pleas the plaintiff demurred, upon the grounds that said amendments did not make new and independent causes of action; and that the filing of the amendment is not the commencement of a new suit in this cause. This demurrer was sustained; and the defendants pleaded the general issue; and by special plea the contributory negligence of the plaintiff, in that the driver did not stop and listen for defendant's train before attempting to cross the track; and upon these pleas issue was joined.

Upon the trial of the cause, it was shown that the plaintiff's driver, was driving a mule attached to a wagon in a westerly direction along Avenue B in the city of Birmingham, on the 28th of November, 1888, about dark, from a point east of 22d street. On 22d street the defendant had two tracks, on which it operated trains by means of dummy engines; the trains coming into the city moved on the easternmost track, in a northerly direction towards the bridge which spans the railroad tracks, and trains going out passed over the other track. It was also shown that the driver knew about the dummies running on 22d street. It was also shown that on the south-eastern corner of Avenue B and 22d street, there was a two-story wooden building, with a shed extending from it over the sidewalk, which shed was supported by wooden posts set in the ground at the curbing. It was also shown that the dummy

was moving backward, the engineer testifying that this was done because it was safest. The train which struck the mule was coming into the city from the south on the eastern track, and was going towards the bridge, and from the direction from which the driver was coming this building obstructed his view as to trains moving in the direction of the one in question, on defendant's tracks, and also the view of defendant's servants operating the trains, as to vehicles moving as plaintiff's was.

There was a direct conflict as to the speed of the train; the plaintiff's witnesses estimating it at 15 to 18 miles per hour, while the defendant's witnesses placed the speed at from six to eight miles an hour.

One of the witnesses for the plaintiff testified that at the time of the accident it was so dark that he could not recognize a person twenty feet away. There was conflict in the evidence as to whether or not the head-light on the dummy engine was lighted at the time of the accident, and as to whether or not the gong or bell thereon was being sounded; the plaintiff's witnesses testifying that the head-light was not lighted, and that the gong was not rung, while the defendant's witnesses testfied that the head-light was in good order, and was lighted, and the gong on the dummy was being sounded. The evidence for the plaintiff further tended to show that just before going upon the track the driver stopped and listened for the dummy, and looked towards the bridge, but did not see or hear it, and then went along.

The defendant's witnesses, the engineer and fireman, testified that they were both on the lookout at and before the time of the collision, and the engineer, Nabers, testified "that he first saw the mule when it was about 20 or 25 feet from the railroad track, and the engine was then about the same distance from where the mule got on the track; the mule was in a trot, and as soon as he saw it, he applied the brakes and reversed the engine." This witness further testified that "he applied the brakes and reversed the engine as soon as he saw the mule, because he did not know whether it was going to stop or not." The fireman, Stone, testified "that the view on the right-hand or eastern side of 22d street at Avenue B was obstructed by the building and shed; that he noticed the mule as soon as it came from behind the shed at the corner of Avenue B and it was in a trot. He

saw it as soon as it came around the corner ; and he at once told the engineer, who immediately applied the brakes and reversed the engine.''

Upon the introduction of the plaintiff as a witness in his own behalf, he testified that upon hearing that his mule had been killed, he went to see about it, and found the mule on the side of the defendant's track on 22d street near Avenue B ; and thereupon the witness stated, ''I went there and looked where she was struck.'' The defendant moved to exclude these quoted words, ''upon the ground that it had not been shown that the mule had been struck.'' The court overruled this objection, and the defendant duly excepted.

Upon the examination of one John Warner, as a witness for the plaintiff, and after he had testified as to the scene of the accident, and that it was at the railroad intersection with one of the streets, he was asked the following questions : ''Did or not many people live over there in that section?'' ''Did many people cross that track?'' The defendant separately objected to each of these questions, and upon the court's overruling each of the objections, separately excepted. The witness answered in the affirmative. He was then asked : ''How about the travelling at the intersection of 22d street and Avenue B?'' The defendant objected to this question, and duly excepted to the court's overruling his objection. The witness answered : ''A good many people travel there.'' The witness was asked how they travelled, and answered : ''With horses, buggies and wagons.'' The defendant objected to both the question and answer, and separately excepted to the court overruling its objections.

One David Sage as a witness for the plaintiff, testified that he saw the dummy of the defendant about a minute or so before it hit the plaintiff's mule ; that he heard no bell or whistle, and saw no headlight, and that the train was running fast. The witness was then asked : ''How fast was the train running?'' The defendant objected to this question, on the ground that the witness was not an expert. The court overruled this objection, and the defendant duly excepted. The witness answered, ''About 15 miles an hour.'' The plaintiff offered in evidence, against the objection and exception of the defendant, the following section of the City Code of Bir-

mingham : "Section 466. Any person who causes, permits or suffers any locomotive engine to run within the city limits at a greater rate of speed than eight miles per hour when running forward, or four miles per hour when running backwards, or who causes, permits or suffers any locomotive engine or train to run or move in the night without having a headlight, or who shall cause, permit or suffer any locomotive or train to run at any time without causing the usual signals to be given continuously, by ringing the bell or otherwise, must upon conviction, be fined not less than one, nor more than one hundred dollars."

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, among others, and separately excepted to the court's refusal to give each of them as asked : (4.) "That on the issues made by the pleadings in this case, there is no question of reckless, wanton or intentional injury for the jury." (6.) "If the jury believe from the evidence that from the location of the tracks and buildings the driver could not have seen the approaching train before reaching the track with his team, then it was his duty to pause and listen, and if the jury further believe that these obstructions existed and the driver failed to pause and listen, then the driver was guilty of contributory negligence ; and unless the jury believe that the servants of the defendant discovered the peril of the team in time to prevent injury, and after so discovering the peril of the team, failed to use all reasonable effort to prevent injury to the team, then the plaintiff can not recover." (7.) "If the jury believe from the evidence that the driver knew that the trains of defendant coming into town came on the track which he would first cross from the southerly direction, and if the jury further believe that the view of the track was obstructed in the direction from which the train was coming, then it was the duty of the driver to pause and listen before attempting to cross the track, and if he failed to pause and listen for the train and drove on the track, then this would be negligence which would defeat a recovery, unless the defendant's servants, after discovering the team in danger in time to prevent the injury by the use of all reasonable effort, failed to use all means in their power to prevent the injury." (8) "That un-

less the jury believe from the evidence that the servants of the defendant discovered the peril of the team in time to prevent injury to it, and after such discovery failed to use all reasonable effort to prevent injury, the plaintiff can not recover." (9.) "That if the jury believe from the evidence that the driver was acquainted with the tracks and operation of defendant's trains over the tracks where the injuries were received, with such knowledge, and without looking in both directions, or if his view was obstructed, without pausing and listening for approaching trains, drove on to the track in a trot, when by pausing and listening he could have discovered the train in time to prevent the injury, then he was guilty of recklessness, which will prevent a recovery by the plaintiff, unless the jury believe that the injuries were inflicted by the intentional wrong of defendant's servants." (10.) "That if the jury believe from the evidence that the driver was acquainted with the tracks and operation of defendant's trains over the tracks where the injuries were received, and with such knowledge and without looking in both directions, or if his view was obstructed, without pausing and listening for approaching trains, drove on the track in a quick walk, when by pausing and listening he could have discovered the train in time to prevent injury, then he was guilty of recklessness which will prevent a recovery by the plaintiff, unless the jury believe that the injuries were inflicted by the intentional wrong of the defendant's servants." (11.) "That unless the jury believe from the evidence that the servants of defendant discovered the peril of plaintiff's team in time to prevent injury to it by the exercise of due care and diligence, and failed after they knew of the peril of the team, to use all reasonable effort to prevent the injury, the plaintiff can not recover." (17.) "That if the jury believe from the evidence that it was safer to operate the dummy rear end foremost, then this would not be backing a locomotive engine within the meaning of the ordinance." The defendant also asked the general affirmative charge on each count of the complaint, and separately excepted to the court's refusal to give each of said charges.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several ruling of the trial court to which exceptions were reserved.

[Highland Avenue & Belt Railroad Co. v. Sampson.]

ALEX T. LONDON, for appellant.—The counts added by amendment introduce a new cause for action, which was barred by the statute of limitations.—*A. G. S. R. R. Co. v. Smith,* 81 Ala. 229. The several counts of the complaint contain more than one cause of action, and the demurrers thereto should have been sustained.—*H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413.

The driver of the plaintiff was guilty of contributory negligence.—*Ga. Pac. Railway Co. v. Lee,* 92 Ala. 267; *H. A. & B. R. R. Co. v. Maddox,* 100 Ala. 618; *L. & N. R. R. Co. v. Webb,* 97 Ala. 308.

The witness Sage was not competent to testify as to the speed of the train.—Lawson on Opinion and Expert Evidence, 462, § 7; *Detroit & Mil. R. R. Co. v. Van Steinburg,* 17 Mich. 99; *Grand Rapids R. R. Co. v. Huntley,* 38 Mich. 537.

BUSH, BROWN & WEBB, *contra.*

HEAD, J.—The first count of the complaint is in case, and the subsequent counts introduced by way of amendment, being of the same nature, were properly allowed, and had relation to the time of the institution of the suit. The word "recklessly" employed in the original complaint, in qualifying the act of the defendant's servants, means no more than "negligently."—*Kansas City, Memphis & Birmingham Railroad Co. v. Crocker,* 95 Ala. 412. But, if the servants had been charged with doing the act wantonly and willfully, or either, the action against the master would still have been case. *So. Bell Tel. Co. v. Francis,* 109 Ala. 224. The several acts of negligence stated in this count are alleged conjunctively, and on this account, if no other the demurrer was properly overruled. Each of the other counts stated a cause of action against the defendant, and was not demurrable.

The several objections to testimony of the witness Warner were properly overruled. The testimony elicited was relevant to the question of negligence on the part of defendant. The statement of plaintiff to which exception was reserved was rendered harmless. The city ordinance was properly admitted. Witness, Sage, was properly allowed to state how fast the train was running. *Ala. Great Southern Railroad Co. v. Hall,* 105 Ala. 599.

[Highland Avenue & Belt Railroad Co. v. Sampson.]

The defendant pleaded contributory negligence on the part of plaintiff's driver. There was no pleading putting in issue willfulness or wantonness on the part of defendant's servants; so, that question is not presented. *Louisville & Nashville Railroad Co. v. Markee*, 103 Ala. 160. Therefore, if the pleas of contributory negligence were sustained by the evidence the defendant was entitled to a verdict. It is insisted by the defendant that those pleas were sustained by the undisputed evidence, and that it was entitled to the general charge requested. We have examined the testimony and are of opinion that the question of contributory negligence was for the jury.—*Highland Avenue & Belt Railroad Co. v. Sampson*, 91 Ala. 560.

As we have said, there was involved in the issue joined, no question of wantonness or willfulness on the part of either party. Those elements were, therefore, immaterial and charges in reference to them abstract.

The 8th and 11th charges ignore the evidence tending to show negligence on the part of defendant's servants, prior to the manifestation of the peril, and were properly refused.

Under the evidence, it was a question for the jury whether by pausing and listening, the driver of the wagon would have discovered the danger in time to avoid it. Charges 6 and 7 ignored this principle and were properly refused.

Charges 9 and 10 (construing, as we do, the word 'recklessness'' therein, to mean no more than "negligence") hypothesize facts which, under many decisions of this court, constitute contributory negligence. Those charges ought to have been given.

The fourth charge ought to have been given.

Running the dummy locomotive backward at a greater rate of speed than that prescribed by the ordinance was a violation of the city ordinance, whether, in fact, it was or not safer to run backward than forward. Charge 17 was, therefore, properly refused.

The several general charges requested by the defendant were properly refused.

Reversed and remanded.