# Wellborn v. The State.

*Retailing Liquor.*

(Decided Feb. 6, 1908. 45 South. 646.)

*Indictment; Name of Accused; Plea of Misnomer.*—Where the indictment alleged the name of the accused as "W. J.," coupled with the allegation that the defendant's name was unknown to the grand jury otherwise than as stated, the indictment was sufficient under the statute, and a plea of misnomer setting up that the defendant was not named "W. J." but was known and called as "James" was properly stricken on motion .

⌊Wellborn v. The State.⌋

APPEAL from Cleburne County Court.

Heard before Hon. T. A. JOHNSON.

W. J. Wellborn was convicted of selling spirituous, vinous or malt liquors without license and contrary to law, and he appeals. Affirmed.

EVANS & MCMAHON, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. The court properly struck the plea in abatement. —*Noblin v. The State*, 100 Ala. 13; *Winter v. The State*, 90 Ala. 637; *Gerrish v. The State*, 53 Ala. 476.

DOWDELL, J.—The only question presented for our consideration is the action of the trial court in striking, on motion of the solicitor, the defendant's plea of misnomer. The defendant was indicted by his initials "W. J.," and it is averred in the indictment that the defendant's Christian name is unknown to the grand jury, otherwise than as stated in the indictment. The plea set up that the defendant's true name was "James Wellborn," and by that name he was known and called, etc. The averment in the indictment that the defendant's name was unknown to the grand jury, otherwise than as stated, made the indictment sufficent under the statute. The plea was properly stricken on the motion.—*Gerrish v. State*, 53 Ala. 476; *Noblin v. State*, 100 Ala. 13, 14 South. 767; *Winter v. State*, 90 Ala. 637, 8 South. 556.

No error appearing on the record, the judgment appealed from must be affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.