(94 South. 473)

## GAY v. TAYLOR. (7 Div. 336.)

(Supreme Court of Alabama. Nov. 2, 1922.)

**I. Appeal and error ⊱345(I)—Bill of exceptions not available in review of main trial may serve in reviewing motion for new trial.**

Where a bill of exceptions is presented and signed too late to serve any purpose in the review of the main trial, it may serve in review of the court's action in overruling the motion for new trial, which review is restricted to the grounds stated in the motion for the new trial.

**2. Appeal and error ⊱597(I), 659(I)—All instructions must be reproduced in transcript.**

Under Acts 1915, p. 815, the court's oral charge to the jury, as well as any special charge for either party, is required to be reproduced in the transcript, and an incomplete record in this respect should be perfected by recourse to certiorari, if necessary.

**3. Appeal and error ⊱928(I)—Oral charge omitted from transcript presumed to cover requested charges.**

Prejudicial error cannot be pronounced of the court's refusal to give a special instruction, where, as required by Supreme Court Practice Rule No. 45 (175 Ala. xxi, 61 South. ix), the court's oral instruction is not preserved in the transcript, since in its absence it is presumed to cover all requested instructions.

**4. Physicians and surgeons ⊱24(3)—Evidence held to sustain judgment on physician's account for services.**

Evidence *held* to sustain judgment on physician's account for services rendered for one and charged to another's account at his request.

**5. Frauds, statute of ⊱32—Agreement to extinguish debt of one on other's promise to pay it not within statute.**

An agreement to extinguish an obligation of one on the consideration of another's promise to pay it is not within the statute of frauds.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by J. L. Taylor against W. C. Gay. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Grounds 1, 2, and 3 of the motion for new trial are as follows:

"(1) The judgment and verdict of the jury was contrary to the law and the evidence in the case.

"(2) As to the item in said account of $81, the account of Harvey Gay was thoroughly within the influence of the statute of frauds.

"(3) The evidence was without conflict that C. A. Alsobrook was never responsible to plaintiff in any manner for the Harvey Gay account; hence there could be no substitution of debtors so as to avoid the statute of frauds."

Hooton & Hooton, of Roanoke, for appellant.

The court below should have granted appellant's motion for a new trial. Code 1907, § 4289; rule 22, Code, p. 1522.

R. E. Taylor, of Roanoke, and Vann & Parker, of Wedowee, for appellee.

A bill of exceptions presented more than 90 days after rendition of judgment, but within 90 days after judgment on motion for new trial, can be considered only as to matters raised by the motion. Code 1907, §§ 3019, 3020; 206 Ala. 190, 89 South. 657. The record does not contain the oral charge of the court, and on appeal it must be assumed that the rules of law contained in refused charges, though correct statements, were substantially and fairly given to the jury. Acts 1915, p. 815; 88 South. 353.

McCLELLAN, J. [1] The appellee, a physician, was awarded judgment against appellant on an account for professional services. The defenses asserted, in addition to the general traverse, were payment and the statute of frauds. The items of account contested were those based on services to Prescott and Harvey Gay, brother of appellant. The bill of exceptions was presented and signed too late to serve any purpose of review of the main trial, but will serve the purpose of review of the action of the court in overruling the motion for new trial. Sorsby v. Wilkerson, 206 Ala. 190, 89 South. 657.

The review is restricted to the grounds stated in the motion for new trial.

[2-5] The oral charge of the court does not appear in the transcript. On page 4 of the transcript the omission of the oral charge is thus accounted for: "The oral charge of the court not requested in this case." By express statutory command such jury instruction, as well as all special instructions given for either party, must be reproduced in the transcript. Acts 1915, p. 815. The failure to observe this requirement results in an incomplete record of the trial, that should, before submission, have been perfected by recourse to certiorari, if necessary. Where the oral charge is omitted from the transcript on appeal in a civil case, no error prejudicial to an appellant in refusing special requests for instruction is shown, unless the contrary appears; the presumption being indulged that the oral charge substantially covered the subject of such refused special request for instruction. Rule 45 S. C. Prac., 175 Ala. xxi, 61 South. ix. In the present instance, no error prejudicial to appellant can be pronounced of the court's refusal of special request numbered 1, refused to appellant, and made the fourth ground of the motion for new trial. The other grounds, 1, 2, and 3, are without merit. There was evidence designed to invite and justify the verdict; hence the judgment and verdict was not "contrary to the law and the evidence." The plaintiff tes-

tified that defendant (appellant) "asked me [plaintiff] would I release Mr. Alsobrook [to whom the account for services to Harvey Gay or his family was charged on plaintiff's books] and charge it to him" (defendant); that plaintiff later credited Alsobrook's account with the amount of Harvey Gay's account and charged the same to defendant's account; and that a statement of the whole account, including defendant's personal as well as tenant items, was subsequently sent to defendant, who, without any directions or restrictions as to the application of payment, made several payments to plaintiff. Notwithstanding C. A. Alsobrook's testimony—in which a character of denial, qualified in a way on cross-examination, was made—the indicated evidence given by the plaintiff made a jury issue of the inquiry whether Alsobrook was legally indebted to plaintiff for the services rendered Harvey Gay. Grounds 2 and 3 of the motion for new trial proceeded on the untenable theory that the undisputed evidence disclosed no legal, original obligation on Alsobrook to pay the plaintiff for the services to Harvey Gay. If there was such an obligation and plaintiff extinguished it on the consideration of defendant's (appellant's) promise to pay the amount thus binding Alsobrook, the defendant's promise was not within the statute of frauds. Underwood v. Lovelace, 61 Ala. 155, among others.

In overruling the motion for new trial the trial court did not err to appellant's prejudice. The action of the court in so disposing of the motion was free from prejudicial error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.