(105 So. 884)

## J. P. MORGAN PAVING CO. v. SHOE-MAKER. (6 Div. 372.)

(Supreme Court of Alabama. Oct. 22, 1925.)

**1. Pleading ⚖══52(2) — Demurrer for alleged joinder of distinct causes or actions in single count properly overruled.**

Where reasonable meaning of complaint in action on case for nuisance was that maintenance of asphalt mixer and boiler, and also keeping of mules in close proximity to plaintiff's house, operated conjointly to make single nuisance, notwithstanding stated factors contributing to that result, demurrer thereto for alleged joinder of causes of actions in single count was properly overruled.

**2. Nuisance ⚖══48—Evidence of decreased rental value held not variance.**

In action on case for nuisance, where complaint alleged that nuisance caused inconvenience, annoyance, discomfort, and injury, and rendered plaintiff's residence less valuable, and destroyed his peace and comfort in his home, evidence showing decreased rental value of home during 12 months prior to suit, *held* not objectionable as being variant from complaint; allegation that plaintiff's residence was rendered less valuable not being necessarily construed as claim for permanent injury to freehold.

**3. Nuisance ⚖══49(4)—Testimony as to rents held irrelevant.**

In action on case for nuisance, where plaintiff testified to difficulty of getting room renters in house after defendant's operations began, and that rooms had no rental value, testimony of defendant's witness as renter of house after plaintiff left it that he had rented rooms to lodgers, and had no difficulty in doing so, *held* irrelevant; it not being shown that conditions were same as during period of plaintiff's testimony.

**4. Nuisance ⚖══49(4)—Excluding evidence of permanent injury to property held without error.**

In action on case for nuisance, as plaintiff offered no evidence of permanent depreciation in value of his residence, but claimed for its decreased rental value instead, nuisance being abatable and injury not permanent, defendant could not complain of exclusion of evidence as to question of permanent injury as dependent on previous and subsequent value of property.

**5. Nuisance ⚖══49(5)—Proof of depreciation in rental value held sufficient basis for award of damages.**

In action on case for nuisance in maintaining concrete mixer and boiler, and keeping of mules in close proximity to plaintiff's house, proof of depreciation in rental value of four rooms therein rented to roomers *held* sufficient basis for award of damages without showing rental value of entire house, and jury could give compensation for discomfort and annoyance resulting from the alleged nuisance.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by J. C. Shoemaker against the J. P. Morgan Paving Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The action is on the case for a nuisance, and the complaint is as follows:

"Plaintiff claims of the defendant the sum of twenty-five hundred dollars ($2,500.00) as damages, for that within the last 12 months, immediately preceding the filing of this suit, plaintiff has been the owner of, and has resided in, house No. 3120 Ave. B., Ensley, Ala., and plaintiff's family have resided in said house, and plaintiff avers that at said time defendants have maintained at close proximity to plaintiff's home an asphalt mixer and boiler, and a large number of mules, and in and about the maintenance thereof, there has been almost constantly large and unusual amounts of dust accumulated in, on, and about plaintiff's home, there has been created loud and unusual noises, and much smoke, all of which said noise, dust, and smoke, together with the evil and foul-smelling odors emanating from said place so maintained by defendant, has caused plaintiff and his family much inconvenience, annoyance, discomfort, and injury, and has rendered plaintiff's home and building in which he resided less valuable; and plaintiff's sleep has been disturbed, and his peace and comfort has been destroyed in his own home, all of which said injuries and damages, plaintiff avers were the proximate result of the defendant's wrongful maintenance of such nuisance as hereinbefore set out."

Defendant demurred to the complaint on numerous grounds, only one of which is insisted upon:

"(6) For that more than one separate and distinct cause of action is stated in one and the same count, to wit: One alleged to arise from the alleged maintenance of said asphalt mixer; one alleged to arise from the alleged maintenance of said boiler; and one alleged to arise from the alleged maintenance of a large number of mules."

The demurrer being overruled, the cause was tried on the general issue, and there was a verdict for plaintiff for $400, with judgment accordingly.

Tillman, Bradley & Baldwin, Bradley, Baldwin, All & White, and A. K. Foster, and J. D. Rucker, all of Birmingham, for appellant.

The measure of damages for a temporary or abatable nuisance is the difference in rental value before and after existence of the nuisance. Sloss Co. v. Mitchell, 167 Ala. 226, 52 So. 69; City of Eufaula v. Simmons, 86 Ala. 515, 6 So. 47; Birmingham W. W. Co. v. Martini, 2 Ala. App. 652, 56 So. 831; 29 Cyc. 1275; Steel Cities Co. v. Jenkins, 17

Ala. App. 221, 84 So. 408; Joyce on Nuisances, 319; Simonetti v. Carlton, 17 Ala. App. 105, 82 So. 553; Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 So. 40. In claiming damages for depreciated value of his home, the plaintiff must prove the nuisance was permanent in nature. Authorities supra. Where plaintiff claims damages for difference between market value before and after the nuisance, and proves only a difference between rental value before and after the nuisance, the variance is fatal. Indian Ref. Co. v. Marcrum, 205 Ala. 500, 88 So. 445; Hollingsworth v. Norris, 77 Fla. 498, 81 So. 782; Orr & Lanning v. Boockholdt, 10 Ala. App. 331, 65 So. 430. Two or more separate and distinct causes of action may not be stated in the same count. Iron City Mo. Co. v. Hughes, 144 Ala. 608, 42 So. 39; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Sou. Ry. v. McIntyre, 152 Ala. 223, 44 So. 624; L. & N. v. Cofer, 110 Ala. 491, 18 So. 110; L. & N. v. Abernathy, 197 Ala. 512, 73 So. 103; 29 Cyc. 1154.

Black & Harris, of Birmingham, and W. C. Woodall, of Tallassee, for appellee.

Injuries of a temporary nature caused by a nuisance are recoverable in the same action for permanent damages. Pratt Con. Coal Co. v. Morton, 14 Ala. App. 194, 68 So. 1015; Steel Cities Co. v. Jenkins, 17 Ala. App. 221, 84 So. 408; A., B. & A. v. Wood, 160 Ala. 657, 49 So. 426; Black v. Hankins, 6 Ala. App. 512, 60 So. 441; 4 Sutherland on Damages, 1047. Where plaintiff claims damages for injuries of a temporary nature, and also because his premises have been rendered less valuable, he may abandon his claim for permanent injury, and recover only for temporary damages. Steel Cities Co. v. Jenkins, supra; Eufaula v. Simmons, 86 Ala. 515, 6 So. 47. Where the affirmative charge is requested on account of a variance, the charge must specify wherein the variance lies. Circuit court rule 34, 4 Code 1923, p. 906; Carter v. Shugarman, 197 Ala. 577, 73 So. 119.

SOMERVILLE, J. [1] The demurrer attacks the complaint for its alleged joinder of two distinct causes of action in a single count, viz. the maintenance of an asphalt mixer and boiler, and also the keeping of a large number of mules, in close proximity to plaintiff's house. The theory of the demurrer is that these are separate and distinct nuisances in operation and effect, and the principle invoked is that laid down in Iron City Mining Co. v. Hughes, 144 Ala. 608, 42 So. 39:

"While, under our system of pleading as well as under the common law, counts for distinct and independent torts, of the same nature, and upon all of which the same judgment was to be given, could be joined in separate counts in the same action, there is no law permitting the plaintiff to unite in one count several torts, constituting distinct and separate causes of action."

There is nothing in the complaint, however, to indicate an intendment of separate and distinct nuisances with respect to the mixer and the mules; and we think the reasonable meaning of the whole complaint is that the two things operated conjointly to make defendant's place a single nuisance, notwithstanding the several stated factors contributing to that result. The complaint refers to a single place and a single nuisance, and not to several, and we think the point of the demurrer is too finely drawn and too technical for the practical purpose of justice. It was properly overruled.

[2] The plaintiff offered no evidence of permanent injury to his home as a result of the nuisance, but was allowed to show its decreased rental value during the 12 months preceding the filing of the suit. This evidence was objected to by defendant on the theory that it was variant from the complaint under which (the insistence is) damages are claimed only for *permanent injury*, to which the proof and recovery must be limited.

We cannot agree with this view of the complaint. It alleges that the smoke, dust, foul odors, and noises described, have caused plaintiff and his family "inconvenience, annoyance, discomfort, and injury, and *has rendered plaintiff's home and building in which he resided less valuable*; and plaintiff's sleep has been disturbed, and his peace and comfort have been destroyed in his own home." Even conceding that the italicized clause should be construed as an allegation of permanent injury, other items of damage are claimed which authorize proof of decreased rental value of the home. City of Eufaula v. Simmons, 86 Ala. 515, 6 So. 47.

As noted in that case, permanent injury may be waived, and is waived, by the plaintiff's election to prove decreased rental value for the period of recoverable injury. Here, however, the nuisance alleged and proved was clearly an abatable one, and the injuries were in their nature transient only. See, also, Steel Cities Chem. Co. v. Jenkins, 17 Ala. App. 221, 84 So. 408.

But we do not think that the italicized allegation, whether considered alone or in relation to the other parts of the complaint, is necessarily to be construed as a claim for permanent injury to the freehold; for, when a *home* is rendered "less valuable" by such disturbances, the impairment intended is evidently in the current use of it, and not in its selling price as affected by a permanent injury.

This view of the complaint disposes of numerous assignments of error based upon the assumption that allegation and proof were limited to permanent injury to the freehold or its enjoyment.

[3] Plaintiff testified to the difficulty of getting room renters after defendant's operations began, and that the rooms had practically no rental value.

Defendant's witness Sharbutt testified that he occupied the house in question, as a renter after plaintiff left it, in the fall of 1923 (a year or more after plaintiff had suffered the damage complained of), and defendant proposed to show by him that he had rented rooms to lodgers, and had no difficulty in doing so. At that stage of the trial, if indeed at any, it had not been shown that conditions were the same as during the period to which plaintiff had testified, and hence the proffered testimony was clearly irrelevant.

[4] As plaintiff offered no evidence of permanent depreciation in the value of his property, and chose to claim for its decreased rental value instead, the nuisance being clearly abatable, and the injury not permanent, defendant cannot complain of the exclusion of evidence relating to the question of permanent injury as dependent upon the previous and subsequent value of the property.

[5] Proof of the depreciation in the rental value of the four rooms of plaintiff's house which he had been renting to roomers was a sufficient basis for an award of damages, without showing the rental value of the entire house. As to those parts occupied by himself and family, the jury could give compensation for plaintiff's discomfort and annoyance resulting from the operation of the mixer and its appurtenances. Yolande Coal & Coke Co. v. Pierce, 12 Ala. App. 431, 68 So. 563, 565 (3).

We have examined all of the questions raised and argued by appellant, and find no prejudicial error upon which to base a reversal of the judgment, which will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.