(118 So. 258)

**PECK v. HENDERSON.** (8 Div. 682.)

Court of Appeals of Alabama. June 5, 1928.

Rehearing Denied June 26, 1928.

C. L. Peck and Tennis Tidwell, both of Decatur, for appellant.

W. W. Callahan, of Decatur, for appellee.

RICE, J. Appellant, in seeking here a reversal of the judgment rendered against him in the lower court, argues but three points to that end: (1) He complains that there was prejudicial error in overruling his demurrers to count 3 of the complaint; (2) that the judgment should be reversed for the giving of a single written charge, which we have lettered "A," at plaintiff's (appellee's) request; and (3) that this court should hold as error the refusal of the trial court to grant his motion to set aside the verdict of the jury, and the judgment rendered thereon, and grant to him a new trial, on the ground that the said verdict was against the overwhelming weight of the evidence. ·We will treat the points as he has presented them.

■ 1. It is well settled that—

"A civil action for malpractice against a physician and surgeon may be sustained on proof of a failure to exercise reasonable and ordinary care, diligence and skill in respect to the duty so assumed and undertaken as physician and surgeon—such care and skill as physicians and surgeons in the same general ·neighborhood, pursuing the same general line of practice, ordinarily employ and exercise in a like case." Moore et al. v. Smith, 215 Ala. 592, 111 So. 918, and numerous cases there cited.

■ Count 3 .of appellee's complaint, we think, is concise and clear. After stating the amount sued for, it simply states that the defendant was a practicing physician and surgeon at a certain time and place, and that, as such, he "undertook to remove a cotton seed from the ear of plaintiff's minor son, Leldon M. Henderson, a child of eight years of age, and to treat and care for said ear after the removal of the cotton seed." This much of the count shows that the defendant (appellant) assumed and entered upon a certain duty to this plaintiff (appellee).

The count then, in simple, plain style, undertakes to show a breach of this duty, by alleging that in attempting to perform the duty appellant negligently or unskillfully probed or gouged into the ear, and ruptured or lacerated the same, and did negligently attempt to treat said ear after such laceration, and that, as a proximate consequence of said negligent or unskillful conduct in that regard, the child's ear rose and became infected, and the child died. The expression in the count "said negligent or unskillful conduct in that regard" manifestly refers to the conduct of the defendant (appellant) in probing into the ear and treating the same or failing to treat the same. Omitting to treat the ear, it is obvious, may be negligent or unskillful conduct, as much and as well as negligent or unskillful treatment of it. The natural meaning of the phrase "did negligently or unskillfully treat or omit to treat said ear after such rupture or laceration," in connection with the context, is that appellant is not only charged with "negligently or unskillfully" "treating" said ear, but also with "negligently or unskillfully" "omitting to treat said ear," Donaldson v. Foreman, 213 Ala. 232, 104 So. 406. As we read the count, it alleges that defendant (appellant) undertook the duty not only of removing the cotton seed from the ear of the child, but that he also, and conjointly, undertook to treat and care for the ear after the removal of the same, and the count simply charges that he negligently or unskillfully performed both duties. It will be observed that the negligent or unskillful probing of the ear is joined with the statement that defendant (appellant) did negligently or unskillfully treat the ear (which as we have mentioned would include "omitting to treat" the ear), all the conduct being alleged to lead to one result. We think the sufficiency of the count as against the demurrers interposed is fully sustained by the following authorities: Moore v. Smith, supra; Woodlawn Infirmary v. Byers, 216 Ala. 210, 112 So. 831; Highland Ave., etc., v. Sampson, 112 Ala. 425, 20 So. 566; Merchants' Bank v. Sherman, 215 Ala. 370,

110 So. 805; American Railway Exp. Co. v. Summers, 208 Ala. 531, 94 So. 737; Galloway v. Perkins, 198 Ala. 658, 73 So. 956; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; and other cases that might be cited. As was said by Mr. Justice Somerville of our own Supreme Court in the case of J. P. Morgan Paving Co. v. Shoemaker, 213 Ala. 625, 105 So. 884:

"We think the point of the demurrer is too finely drawn and too technical for the practical purpose of justice."

In that case the court was addressing itself to demurrers addressed to the complaint—

"For that more than one separate and distinct cause of action is stated in one and the same count, to wit: One alleged to arise from the alleged maintenance of said asphalt mixer; one alleged to arise from the alleged maintenance of said boiler; and one alleged to arise from the alleged maintenance of a large number of mules."

Further commenting on these demurrers, the court, through Mr. Justice Somerville, said:

"There is nothing in the complaint, however, to indicate an intendment of separate and distinct nuisances with respect to the mixer and the mules; and we think the reasonable meaning of the whole complaint is that the two things operated conjointly to make defendant's place a single nuisance, notwithstanding the several stated factors contributing to that result."

It is our opinion, and we so hold, that the trial court properly overruled the demurrers interposed by appellant to count 3 of appellee's complaint. We have examined the cases cited by appellant on this proposition, and while space forbids a discussion of their analysis, we will say that, in our opinion, none of them militates in any way against our holding just hereinabove announced.

2. The single written charge given at appellee's request, which, as hereinabove stated, we have lettered "A," is not in our opinion incorrect. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23. And then, anyhow, the oral charge of the trial court is not included in the record filed on this appeal, as provided by section 9508 of the Code of 1923, in which circumstance it has been uniformly held by this court, in conformity with holdings by the Supreme Court, that the appellant is not entitled to a review by this court of the giving or refusal of written charges at the request of the parties below.

3. We come now to what is perhaps the strongest insistence made by appellant for a reversal: That the trial court erred in overruling his motion to set aside the verdict of the jury, and the judgment rendered thereon, and grant him a new trial—on the ground that the verdict was against the overwhelming weight of the evidence.

The rule by which we are governed is a strict one, and needs no restatement here. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738. We have carefully read the entire evidence. And we have kept in mind the obvious fairness of the rule, both of reason and of law, that—

"A physician or surgeon, unless by express undertaking [and no such undertaking was shown in this case], does not warrant a cure or a successful result, and is not liable for an honest mistake or error of judgment in making a diagnosis, or prescribing a mode of treatment, where the proper course is subject to reasonable doubt." Moore et al. v. Smith, supra.

But in this case the appellant, against whom grave charges were made, did not see fit to take the stand as a witness in his own behalf. The testimony of the plaintiff, it is true, as argued by appellant's able counsel, seems unbelievable. But the statements made by plaintiff and his witnesses were of such a character that no one quite so well as appellant was in position to deny and refute them, and his failing to do so, directly, and in person, was a circumstance which the jury could well have taken to indicate that his own testimony would not have been favorable to his defense. Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548 (on rehearing).

We are far from being able to say that the verdict of the jury, "after allowing all reasonable presumptions of its correctness, is so against the preponderance of the evidence as to clearly convince the court that it is wrong and unjust." Accordingly, we must hold that the trial court properly overruled appellant's motion for a new trial.

Finding no prejudicial error in any of the assignments argued upon this appeal, the judgment will be, and is, affirmed.

Affirmed.