(118 So. 262)

**PECK v. HENDERSON.** (8 Div. 48.)

Supreme Court of Alabama. Oct. 4, 1928.

Rehearing Denied Oct. 25, 1928.

C. L. Peck and Tennis Tidwell, both of Decatur, for appellant.

W. W. Callahan, of Decatur, for appellee. Brief did not reach the Reporter.

THOMAS, J. Count 3 declared for the wrongful death of plaintiff's said minor son, and contained the averment of facts that showed a duty, or relationship from which was imposed the duty, upon the defendant as to plaintiff's minor son, and, it is averred, that the breach of such duty resulted in the proximate injury and damage for which the

suit is brought. Wright v. McCord, 205 Ala. 122, 125, 88 So. 150; A. G. S. R. Co. v. Ensley Co., 211 Ala. 298, 100 So. 342.

■ The count was not open to demurrer for duplicity, condemned by the rule of good pleading, having for its purpose the prevention of prolixity and confusion in the introduction of proof and the decision of the properly presented and litigable issues. Will's Gould on Pleading (6th Ed.) p. 401 et seq.; Richardson v. Vaughn, 208 Ala. 442, 94 So. 514.

The first count limited its averments, among other things, to the negligent or unskillful conduct of defendant in his attempt to remove the cotton seed from the ear of the plaintiff's minor son, causing the injury averred and that proximately resulted in his death. Count 3 was broader in its averments of the facts declared upon as malpractice in the premises. It was that defendant "undertook to remove a cotton seed from the ear of plaintiff's minor son," and to "treat and care for said ear after the removal of said cotton seed;" that this professional duty was negligently and unskillfully done or omitted, and as a proximate consequence of such "negligent or unskillful conduct in that regard" the child lost its life.

Are the averments of count 3, for malpractice, for "an action for malpractice is essentially for a tort and ex delicto" (Sellers v. Noah, 209 Ala. 103, 95 So. 167; Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863; White v. Levy, 91 Ala. 175, 80 So. 563; Talley v. Whitlock, 199 Ala. 28, 73 So. 976; Blythe v. Enslen, 203 Ala. 692, 85 So. 1; Knowles v. Blue, 209 Ala. 27, 95 So. 481; Knowles v. Dark & Boswell, 211 Ala. 59, 99 So. 312), such as to present an inconsistency in that pleading?

■ Distinct causes of action may be joined in one complaint, but not in one count. The alternative averments employed in a count must be consistent. Worthington v. Davis, 208 Ala. 600, 94 So. 806. The authorities in this jurisdiction and at common law are collected in L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 515, 529, 73 So. 103; and trespass and case cannot be joined in the same count; each must proceed upon a single definite theory, and state a single consistent cause of action, Nat. B. & L. Co. v. Wilson, 198 Ala. 90, 95, 73 So. 436. And when a cause of action is declared by disjunctive averments, each averment must state a good cause of action (Taylor v. Lewis, 206 Ala. 338, 89 So. 581), and be consistent with the other (B. R. L. &. P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361). Separate and *distinct torts inflicting separate and several injuries* may be joined in the same complaint, but in separate counts. In McDougal v. A. G. S. R. Co., 210 Ala. 207, 97 So. 730, the rule having application is thus stated by the Chief Justice:

"Where there are separate and distinct torts, inflicting separate and several injuries, each furnishing a separate and distinct cause of action, and to which there may be separate and different defenses, they may be joined in the same complaint, but should be presented by separate counts."

See, also, Woodlawn Inf. Inc. v. Byers, 216 Ala. 210, 112 So. 831.

The count was not subject to demurrer; there were no separate and distinct torts, inflicting separate and several injuries, furnishing a separate and distinct cause of action, to which separate and different defenses may be made. The demurrer to count 3 is not well taken. J. P. Morgan Paving Co. v. Shoemaker, 213 Ala. 625, 105 So. 884.

■ The Court of Appeals passed upon the weight and effect of the evidence in considering the motion for a new trial, and its ground that the verdict and judgment rendered were against the overwhelming weight of the evidence, and applied thereto the rule that has long obtained in this jurisdiction of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738. We cannot review the action of the Court of Appeals. Postal Tel.-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

■■ Written charge A, given at appellee's request, is as follows:

"No matter how much skill Dr. Peck may have possessed, yet if he so negligently or unskillfully undertook to remove the cotton seed, or if he negligently or unskillfully treated or omitted to treat the ear, and such negligence or unskillfulness proximately contributed to the child's death, then Dr. Peck is liable."

When referred to the evidence, and under counts 1 and 3, was this a correct statement of the law, as declared by this court for malpractice? Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Talley v. Whitlock, supra.

Count 3 is as follows:

"The plaintiff claims of the defendant the sum of fifty thousand dollars ($50,000.00) as damages, for that on, to wit, October 26, 1925, the defendant was a practicing physician and surgeon in Somerville, Morgan county, Alabama, and as such undertook to remove a cotton seed from the ear of plaintiff's minor son, Leldon M. Henderson, a child of eight years of age, and to treat and care for said ear after the removal of said cotton seed, and plaintiff alleges that the defendant, in attempting to remove said cotton seed, so negligently or unskillfully probed or gouged into said ear as to rupture or lacerate, the same, and did negligently or unskillfully treat or omit to treat said ear after said rupture or laceration, that, as a proximate consequence of the defendant's said negligent or unskillful conduct in that regard, said minor child's ear rose and became so infected that the said minor child lost his life."

The charge as given is in such form as to embrace the whole evidence under the issues as made by counts 1 and 3, and as such was not broader than the issues of fact presented by the pleading. If it was thought the charge should be explained, or was misleading as to the respective issues presented by the two

counts, such explanation should have been sought by the defendant.

The oral charge is omitted. Does such omission prevent a review of the action of the trial court in giving the charge as having application to recovery under the two counts of the complaint? In Gay v. Taylor, 208 Ala. 376, 94 So. 473, the effect of such omission on the effort to review a refused charge, and that presumption was indulged which would support the action of the trial court. No case has been cited of the application of a like rule as to a given charge, in the absence of the oral charge. There is a rule that he who induced the charge or the ruling thereon must show from the record that no prejudicial error resulted thereby, or that the court can know from the record that the effect of such charge or ruling is clearly rebutted, even though it were erroneous. L. & N. R. Co. v. Price, 159 Ala. 213, 221, 48 So. 814; Southern Bitulithic Co. v. Hughston, 177 Ala. 559, 58 So. 450; 4 C. J. p. 914, § 2883. When the charge is referred to both counts of the complaint, it was not broader than such pleadings. If any explanation therefor was desired by defendant, it should have been requested.

The rule of Gay v. Taylor, supra, as to declining to review the refusal of a charge in the absence of the general charge, does not apply to a given charge. And we disapprove of the observation of the Court of Appeals that appellant was not entitled to review the giving of charge A, for the reason that the oral charge was not included in the record on appeal, as provided by statute. Section 9508, Code of 1923.

There was no error in giving the charge in question, and the writ is denied.

Writ denied.

SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J. (dissenting). The third count of the complaint avers that the defendant—

"undertook to remove a cotton seed from the ear to plaintiff's minor son, * * * and to treat and care for said ear after the removal of said cotton seed, and plaintiff alleges that the defendant in attempting to remove said cotton seed so negligently or unskillfully probed or gouged into said ear as to rupture or lacerate the same, and did negligently or unskillfully treat or omit to treat after said rupture or laceration."

The conclusion is inescapable that the averments of the count conjoin as one and the same cause of action, the unskillful operation and negligent treatment, and this imposed on the plaintiff the burden of proving both of these material averments to establish the cause of action. Cardwell v. L. & N. R. R. Co., 185 Ala. 628, 64 So. 564.

Charge A, given at the plaintiff's request, is in the alternative, and authorized a verdict for the plaintiff "if he so negligently or unskillfully undertook to remove the cotton seed, or if he unskillfully treated or omitted to treat the ear." The giving of this charge relieved the plaintiff of a part of the burden of proof assumed by his complaint, and in my opinion constitutes reversible error. Not only this the charge assumes and pretermits proof of the averment that in attempting to remove the cotton seed "negligently or unskillfully probed or gouged into said ear so as to rupture or lacerate the same."

It is too well settled that a charge which relieves a party of a part of the burden of proof which he assumes by his pleading is erroneous. Central Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239.

ANDERSON, C. J., concurs in the foregoing dissent.