1 So.2d 661

**POOLE v. STATE.**

2 Div. 686.

Court of Appeals of Alabama,
Feb. 18, 1941.

Rehearing Denied March 25, 1941.

Wm. C. Rayburn, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

J. Joseph Thompson, of Butler, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The former opinion in this case is withdrawn, and held for naught, the defect in the transcript, upon which said opinion was based, has been regularly corrected. We shall now consider and determine this appeal upon the merits of the case as here presented.

The record discloses that this appellant, Wyatt Poole, and one Will Lewis, were jointly indicted for the offense of grand larceny, in the first count, in that they feloniously took and carried away two mules, the personal property of J. M. Toomey. The second count in the indictment charged that the same two defendants did buy, receive, conceal or aid in concealing two mules, the personal property of J. M. Toomey, knowing that they were stolen, and not having the intent to restore them to the owner, etc.

Before pleading to the indictment this appellant demanded a severance under the provisions of Section 5570 of the Code 1923, and, as the law requires, such severance was granted; hence this appellant was put to trial alone in this case.

Likewise, before pleading to the indictment, the defendant interposed demurrer thereto containing several grounds, all of the same import, and based upon the fact that the indictment failed to set forth the Christian name of J. M. Toomey, the alleged injured party.

■■ The court properly overruled the demurrer, the indictment was in Code form and therefore sufficient. On the question that the Christian name of the alleged injured party was not set out in full, and that his initials only were used, it has been definitely decided it is permissible to charge the initial of the owner of the property or the person injured. Jones v. State, 181 Ala. 63, 61 So. 434, 438. In the Jones case, supra, our Supreme Court said: "An indictment which sets forth the defendant's Christian name by initials only is subject to plea in abatement, unless it is alleged that the Christian name was unknown to the grand jury otherwise than as·laid in the indictment. Gerrish v. State, 53 Ala. 476; O'Brien v. State, 91 Ala. [25] 27, 8 So. 560; Jones v. State, 63 Ala. [27], 28; Lyon v. State, 61 Ala. [224], 229; Wellborn v. State, 154 Ala. 79, 45 So. 646. It is not so important, however, when individuals are only collaterally concerned in the act for which another is prosecuted—as for instance, those whose persons or property may have been affected thereby—that their names should be so fully and correctly stated, though they also ought to be. In the last class our·court has held that it is permissible to charge the initial of the owner of the property affected or the person injured. Knight· v. State, 152 Ala. 56, 44 So. 585; Knight v. State, 147 Ala. 104, 41 So. 911; Crittenden v. State, 134 Ala. 145, 32 So. 273; Lowe v. State, 134 Ala. 154, 32 So. 273; Gerrish v. State, supra; and Lyon v. State, supra."

■ The corpus delicti of the offense charged was fully proven by the evidence without dispute, in that, it is disclosed thereby that the two mules, mentioned in the indictment, were stolen from his (J. M. Toomey's) pasture, late in the afternoon of the day in question.

■ The following "statement of facts" contained in the brief of the Attorney General is borne out and sustained by the evidence in this case:

"The defendant, appellant, and one Lewis drove to the pasture of Mr. Toomey about dusk one afternoon, and with the assistance of two negroes they secured from this pasture without Mr. Toomey's knowledge or consent, two mules of good size. They loaded them on the appellant's truck and drove to Tuscaloosa where, after some dickering, they sold these mules for a very small sum, an amount entirely not commensurate with the true value of these mules. This much of the testimony is uncontroverted.

"The only contradiction appearing in this record is that the appellant states that he did not know that Lewis was stealing the mules or that they were stealing the mules, but that he thought that the mules belonged to Lewis and that he, the appellant, was only assisting Lewis in transporting and selling them. On the other hand, Lewis states that he was hired by the appellant to help him transport and sell the mules."

The issue of fact, as above stated, was for the jury to determine, and while there is a volume of other testimony a decision of this controverted fact is conclusive of this appeal.

The jury decided adversely to the defendant. The court received its verdict and confirmed its finding by overruling defendant's motion for a new trial.

This court has no authority, or inclination, to substitute itself for the jury. The entire case was allowed to take a wide scope favorable to defendant by the rulings of the trial judge. We are of the opinion that the accused was accorded a fair and impartial trial. We are also of like opinion there was no error in the action of the court in overruling defendant's motion for a new trial.

We see no necessity to deal specifically with the numerous insistences of appellant. We have, however, performed the duty resting upon the court to consider all questions apparent on the record, or reserved by bill of exceptions. As stated this man (appellant) and Will Lewis admittedly took the mules in question from the injured party's pasture, late in the afternoon. Said mules were stolen and the fact that each of the accused men charged the crime to the other, presented the sole question of the bona fides of the respective accusations, the material question involved.

From what has been said, it is the order of this court that the judgment of conviction appealed from will stand affirmed.

Affirmed.

## On Rehearing.

BRICKEN, Presiding Judge.

Appellant's application, to this court, for a rehearing in this case, is based upon the single point of decision which involves the action of the trial court in refusing to the defendant, on the trial in the court below, the following written charge: "The court charges the jury that if there is, from the evidence, a reasonable probability of defendant's innocence, the jury should acquit the defendant."

In opposition to the foregoing insistence the Attorney General, representing the State, advances two propositions, viz.: "(1) That the refusal to give the requested charge is not presented to this court for review on this appeal. And (2) That no reversible error has been committed in refusing to give this charge."

In support of proposition (1) supra, it is contended that because of the failure of the bill of exceptions to state that it contains all the evidence in this case, the action of the court in refusing to give the charge is not reviewable by this court; citing the case of Thorne v. State, 21 Ala.App. 57, 105 So. 709, certiorari denied 213 Ala. 551, 105 So. 711.

We do not accord to the foregoing insistence of the State. Certainly, there are cases where the rule stated should be applied; notably, where the affirmative charge has been given or refused. It is true, as above stated, the Supreme Court denied the writ of certiorari in the Thorne case, supra, but in so doing, the above-stated proposition was expressly disapproved. In this connection the Supreme Court said: "We think the statement in the opinion of the Court of Appeals that refused charges requested in writing by defendant cannot be reviewed, where the bill of exceptions fails to disclose that it contains all the evidence, is too broad and needs some qualification. There may be refused charges, which should properly be reviewed, though all the evidence does not appear, such as charges in no manner affected by that fact." See also the case of Anniston Mfg. Co. v. Southern Ry. Co., 145 Ala. 351, 40 So. 965; Duggar v. Pitts, 145 Ala. 358, 363, 39 So.

905, 907, 8 Ann.Cas. 146, wherein the Supreme Court said: "The fact that the bill of exceptions does not contain all the evidence is no reason for not reversing a cause upon the improper admissibility of the evidence."

In our case of Peck v. Henderson, 22 Ala. App. 541, 118 So. 258, 261, where on appeal the oral charge of the court was omitted and did not appear in the record, this court said: "The single written charge given at appellee's request, which, as hereinabove stated, we have lettered 'A,' is not in our opinion incorrect. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23. And then, anyhow, the oral charge of the trial court is not included in the record filed on this appeal, as provided by section 9508 of the Code of 1923, in which circumstance it has been uniformly held by this court, in conformity with holdings by the Supreme Court, that the appellant is not entitled to a review by this court of the giving or refusal of written charges at the request of the parties below."

However, on certiorari to the Supreme Court, 218 Ala. 233, 118 So. 262, 263, in the Peck v. Henderson case, the court, on this point, said:

"The oral charge is omitted. Does such omission prevent a review of the action of the trial court in giving the charge as having application to recovery under the two counts of the complaint? In Gay v. Taylor, 208 Ala. 376, 94 So. 473, the effect of such omission on the effort to review a refused charge, and that presumption was indulged which would support the action of the trial court. No case has been cited of the application of a like rule as to a given charge, in the absence of the oral charge. * * *

"The rule of Gay v. Taylor, supra, as to declining to review the refusal of a charge in the absence of the general charge, does not apply to a given charge. And we disapprove of the observation of the Court of Appeals that appellant was not entitled to review the giving of charge A, for the reason that the oral charge was not included in the record on appeal, as provided by statute."

From what has been said the first insistence of State in this matter, supra, cannot be approved or sustained.

As to the second proposition, i. e., "That no reversible error has been committed in refusing to give this charge"; it is not contended by the State that the charge in question was bad, and improperly stated the law, but the insistence that no error prevailed in the action of the court in refusing the charge is that the rule of law contained in said charge was substantially and fairly given to the jury in the court's general charge or in charges given at the request of defendant. This, under Section 9509 of the Code 1923. We are of the opinion that the Attorney General is correct in this insistence, for it does appear that the court in its oral charge properly stated the law of reasonable doubt, in its every phase; and in addition thereto, gave at the request of the defendant numerous special written charges, among which are charges numbered "4" and "8." Charge 4 reads as follows: "The Court charges the jury that a probability of defendant's innocence is a just foundation for a reasonable doubt, and, therefore, for his acquittal."

And charge 8 as appears of record is as follows: "The Court charges the jury that if they are not satisfied beyond all reasonable doubt to a moral certainty and to the exclusion of every other reasonable hypothesis but that of the guilt of defendant, then they should find him not guilty, and it is not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of defendant's innocence, but such a doubt may arise even when there is no probability of his innocence in the testimony, and, if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to acquit him."

In addition to the two above-quoted charges 4 and 8, the court gave numerous other special written charges which under Section 9509 of the Code 1923, supra, rendered his action in refusing charge 1 errorless. See given charges numbered 3, 5, 6, 9, 11 and 12.

It thus appearing that the same rule of law contained in the refused charge under discussion was fairly and substantially given to the jury, as stated no error prevailed in the action of the court by refusing said charge 1.

The pertinent portion of said Section 9509, on this question, reads as follows: "The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and

fairly given to the jury in the court's general charge or in charges given at the request of parties."

The foregoing being conclusive of the questions involved upon this application for rehearing, it follows, of necessity, that the application must be overruled and denied. It is so ordered.

Application for rehearing overruled.