[Mayfield v. Spiva.]

# Mayfield *v.* Spiva.

*Attachment to Enforce Statutory Lien under Code, § 3091.*

1. *Lien under Code, § 3091 is subject to prior recorded mortgage.*—A person can not acquire a lien on a mare, for the service of a stallion, which is superior to a prior duly recorded mortgage on such animal for the purchase-money, where the mortgagee in no way authorizes the owner to place the animal under such lien.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

Action in attachment by J. W. Mayfield against one Lansdale to enforce a statutory lien on a mare, in which H. Spiva interposed a claim to the mare as mortgagee.

On the trial it was shown that Lansdale was indebted to the plaintiff in the sum of $10 for the service of plaintiff's stallion to the mare of Lansdale, some time after March 8, 1891, under a contract with Lansdale for the payment of $10 for the season, and that he never paid such sum. It was shown in behalf of claimant that Lansdale bought the mare in question from him on March 5, 1891, and executed a mortgage on her for the purchase-money, which mortgage was duly recorded on March 8, 1891. It was not shown that Spiva was a party to the contract with Mayfield for the service of his stallion, or that he knew of such contract.

C. M. SHERROD and D. C. ALMON, for the appellant.

KIRK & ALMON, for the appellee.

STONE, C. J.—This case must be dealt with as if Mayfield had personal knowledge of Spiva's mortgage on the animal in controversy. Such is the effect of our statutes of registration. This being so, the latter, (Spiva) did nothing and said nothing to authorize Mayfield to place the animal under a lien which can override the prior mortgage lien. Jones, Chat. Mortg., § 472.

Affirmed.