OWEN et al. v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

The lien of a carrier for transportation charges on property received from a mortgagor in possession with the right to move from place to place is inferior to that of a mortgage of which the carrier has both constructive and actual knowledge.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Action in claim and delivery by W. H. Owen and C. A. Margeson, partners as Owen & Margeson, against the Burlington, Cedar Rapids & Northern Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Geo. W. Case*, for appellant.

*D. C. & W. R. Thomas*, for respondents.

FULLER, J. Mortgagees brought this action in claim and delivery to recover the possession of a portable contrivance called a "merry-go-round," consisting of revoling chariots and wooden horses, operated upon a platform by a steam engine, all of which the defendant, a common carrier, detains in order to maintain its lien for transportation at the request of a mortgagor in possession. As we view the record, the only question essential to a determination of this appeal by the defendant from a judgment in favor of plaintiffs is whether the lien of a chattel mortgage properly filed is prior to that given by statute to a common carrier for freight subsequently earned. In the case of Wright v. Sherman, 3 S. D. 290, 52 N. W. 1093, this

court having held the lien for pasturing mortgaged stock re
ceived from the mortgagor inferior to the lien of a properly
filed mortgage, the question must be considered settled in this
jurisdiction, unless, upon principle, a material distinction exists
between the lien of a railroad company for carrying and that
of an agister for caring for personal property previously mort-
gaged.   The essential facts are that the mortgage was execut-
ed on the 19th day of August, 1893, and duly filed in Codington
county, where the mortgagors resided, and where appellant
now detains the property described in said instrument from the
possession of respondents.   In addition to the constructive no-
tice thus imparted by public records, appellant actually
knew of the existence of the mortgage, and that respondents'
agent and attorney was looking after the property, before the
same was received from the mortgagors at Clear Lake, and
consigned to one of them at Watertown.   Knowledge of such
proposed shipment and the fact that respondents allowed the
mortgagors to remain in possession, and move the property
from place to place, for use, within the state, is not equivilant
to consent upon their part that the lien of appellant should be
paramount to this mortgage, and there is nothing in the record
amounting to a waiver of their rights thereunder.   By waiving
its statutory right to demand and receive its charges in ad-
vance of the shipment, appellant exposed itself to the risk here
encountered, and its lien cannot be regarded superior to the
mortgage without violating the fundamental principle that no
man can be divested of his personal property without his con-
sent, express or implied. If the rule were as contended for by
appellant, a chattel mortgage would afford but scanty security,
and common carriers would be, without an obvious distinction

upon principle, relieved from a hazard to which other persons in business are constantly subjected. The doctrine upon which this decision must rest was fully recognized and applied in Wright v. Sherman *supra*, a case which is amply supported by well-reasoned ancient and modern authority. The following are cases in point: Robinson v. Baker, 5 Cush. 137; Richardson v. Rich, 104 Mass. 156; Bank v. Lowe (Neb.) 33 N. W. 482; Jarchow v. Pikens (Iowa 1 N. W. 112; Sargent v. Usher, 55 N. H. 287. With full knowledge of the existence of the mortgage, upon which respondents had the right to rely, appellant, at the request, and presumably for the convenience. of the mortgagors, transported the property without first collecting its charges, which, with other facts and circumstances in evidence, sustains, we think, the conclusion of the trial court that as a matter of law its lien is subject and inferior to that of respondents under their mortgage, and the judgment appealed from is affirmed.