# J. C. Walden Auto Co. v. Mixon.

### Assumpsit.

(Decided April 20, 1916.   71 South. 694.)

Mortgages; Priority; Material-man's Lien.—A mortgagee in a prior recorded chattel mortgage has a claim superior to a lien for repairs upon automobiles given by § 4785, Code 1907, although the repairs were authorized by the owner then and at the time of the suit in lawful possession of the automobile, where it does not appear that the mortgagee had expressly or impliedly authorized the repairs.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

J. C. Walden doing business as the J. C. Walden Auto Company, sought to enforce a lien for repairs upon the automobile of one John P. Harrell, whereupon Travis Mixon interposed claim thereto under a chattel mortgage covering the automobile, and had judgment from which plaintiff appeals. Affirmed.

Transferred from Court of Appeals.

MARTIN & CRAWFORD, and E. S. THIGPEN, for appellant. ESPY & FARMER, for appellee.

THOMAS, J.—The suit was to enforce a lien for material used and labor done in the repair of a certain automobile. The claimant, Mixon, appellee on this appeal, rested his right and title on a mortgage given on the car by the owner, and duly re-

[J. C. Walden Auto Co. v. Mixon.]

corded, before the repairs were made by plaintiff. The mortgage was due and unpaid at the time of the institution of the suit and the trial. The repairs were authorized by one Harrell, who was then in the lawful possession of the car, and was in such possession at the time the suit was instituted.

Appellant asserted his lien for such material and labor on the car, and sought its enforcement under sections 4785 et seq. of the Code of 1907. Appellant further cites, as authority for the superiority of his lien for necessary repairs to that of the mortgage on the property.—*Broom, et al. v. Dale, et al.*, (Miss.) 67 South. 659, L. R. A. 1915D, 1146; *Reeves & Co. v. Russell, et al.*, 28 N. D. 265, 148 N. W. 654, L. R. A. 1915D, 1149; *Watts v. Sweeney*, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615.

At common law persons had the right to retain goods on which they had bestowed labor, until the reasonable charges therefor were paid.—2 Kent's Comm. 635.

It has been held that at common law a mechanic's lien for repairs under special circumstances may be superior to prior existing liens on the property. In *Drummond Carriage Co. v. Mills*, 54 Neb. 417, 74 N. W. 966, 40 L. R. A. 761, 68 Am. St. Rep. 719, a case where a physician had executed a chattel mortgage on a buggy used by him in his practice, and thereafter had made repairs on the vehicle, such use by the mortgagor and the fact that the buggy was left in the shops of the carriage company for repairs being known to the mortgagee, the holding was as follows: "We are not holding that in all cases, or generally, the common-law lien will override and be superior to the prior chattel mortgage lien, but that in cases where the mortgagor can be said to have expressed or implied authority from the mortgagee to procure repairs to be made on the mortgaged property it will be so."

Thus are the facts in the *Drummond Carriage Company Case* distinguished from the facts in the case for decision. Here, the mortgagee-claimant did not know that the automobile had been left for repairs, with the appellant, J. C. Walden Auto Company.

In *Watts v. Sweeney*, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615, the improvements were made on an engine belonging to the mortgagor and used in operating a railroad, by the terms of the mortgage left in the possession of the mortgagor, and after the debt became due it was still permitted by the mortgagee to remain in the possession of the mortgagor to be so used. The

[J. C. Walden Auto Co. v. Mixon.]

court held that under such circumstances the necessary implication was that the engine was to be kept in repair and by a machinist, and that such machinist would have a lien for the amount of the repairs. The repairs so made added to the value of the property and were for the benefit of the mortgagee as well as of the mortgagor.

So in the case of *Broom, et al. v. Dale, et al., supra*, the automobile was in the possession of the mortgagor, and being used by him, with the knowledge and consent of the mortgagee; and such possession and use continued for a long time. In that case the mortgagee "not only knew and consented to the general use of the automobile, * * * but also had knowledge that in the course of his (mortgagor's) use of the property he was having it repaired and * * * with this knowledge made no objection to the repairs being made; * * * the repairs were such as were necessary to preserve the automobile and keep it in proper condition for its use." From these statements it will be observed that the facts on which the decisions in the Broom and Watts Cases were rested were different from the facts in the case at bar.

The statute, section 4785 of the Code, does not invest such a lien with priority over other liens. It is generally held that such a statutory lien will not take precedence of prior chattel mortgages of which the lien claimant had either actual or constructive notice at the time he performed the services, or contributed the material used, in the production, manufacture, or repair of any vehicle, implement, machine, or article, unless the mortgagee expressly or impliedly authorized the mortgagor to engage the services or material for which the lien is claimed.—*Wilson v. Donaldson*, 121 Cal. 8, 53 Pacfl 404, 43 L. R. A. 524, 66 Am. St. Rep. 17; *Rourke v. Bergevin*, 4 Idaho, 742, 44 Pac. 645; *Easter v. Goyne*, 51 Ark. 222, 11 S. W. 212; *Sims v. Bradford*, 12 Lea (Tenn.) 434; *Adler v. Godfrey*, 153 Wis. 186, 140 N. W. 1115; *Owen v. Burlington*, C. R. & N. R. Co., 11 S. D. 153, 76 N. W. 302, 74 Am. St. Rep. 786; *Allen v. Becket* (Sup.) 84 N. Y. Supp. 1007; *Baumann v. Jefferson*, 4 Misc. Rep. 147, 23 N. Y. Supp. 685; Jones, Chat. Mortg. § 472.

It has been declared by our court that, under section 4810 of the Code, a statutory lien on a mare for the services of a stallion is not superior to a prior chattel mortgage on the mare, duly recorded so as to charge third parties with notice thereof, where

[Peoples Shoe Co. v. Skally.]

the mortgagee has in no way authorized the mortgagor to place the animal under a superior lien.—*Mayfield v. Spiva,* 190 Ala. 223, 14 South. 47. So, of section 4806 of the Code, which declares the lien of the livery stable keeper or other person feeding and caring for live stock for pay.—*Chapman v. First National Bank,* 98 Ala. 528, 13 South. 764, 22 L. R. A. 78.

Chapter 107 of the Code of 1908 provides a system of liens and for the enforcement thereof. Of this system are sections 4785, 4806, and 4810. No good reason exists why these respective statutes should not be construed to the consistent general result that no right of a superior lienholder shall be subordinated to another lien, except a tax lien, without the express or implied authority of such superior lienholder. This harmonious construction is more consonant with the reason and policy of our statutes for the creation, preservation, and enforcement of the many different liens dealt with in chapter 107 of the Code.

The affirmative charge was properly given for the claimant in the court below, appellee here, and the cause is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.