(108 So. 515)

## CAMPBELL MOTOR CO. v. STANFIELD.
### (8 Div. 848.)

(Supreme Court of Alabama.   May 6, 1926.)

1. **Chattel mortgages** ⟜138(1)—**Statutory mechanic's lien will not take precedence over prior chattel mortgage of which lien claimant had notice, unless mortgagee expressly or impliedly authorized mortgagor to engage services or material for which lien is claimed (Code 1923, § 8863).**

Statutory mechanic's lien, under Code 1923, § 8863, will not take precedence over prior chattel mortgage of which lien claimant had notice, unless mortgagee expressly or impliedly authorized mortgagor to engage services or material for which lien is claimed.

2. **Chattel mortgages** ⟜173(1)—**Instruction that mortgagee of automobile gave implied consent to mortgagor in possession to have repairs made, if it knew repairs would be necessary in natural course of things, held error (Code 1923, § 8863).**

Instruction that mortgagee of automobile gave implied consent to mortgagor in possession to have repairs made, if it knew repairs would be necessary in natural course of things, though it had no actual notice of such repairs at the time, held error in mortgagee's suit in detinue against purchaser at sale to enforce mechanic's lien, under Code 1923, § 8863.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action in detinue by the Campbell Motor Company against Henry Stanfield. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326.   Reversed and remanded.

The following excerpt from the oral charge of the court is made the basis of assignment of error No. 7:

"In determining these things you may take into consideration the fact, if it be a fact, that they left the negro in possession of it, and that they knew he was going to run it, then the law would imply consent to that use, and, if they had knowledge that in the natural course of things, or the ordinary course of things, and the use it was to be put, to which it would be put, that it would be necessary to repair it, and if they permitted him to stay in possession of the automobile knowing it would be necessary to have repairs done on it, and that these repairs would make it more valuable, then the law would be

that they implied consent when they put the defendant in possession of the automobile."

Bradshaw & Barnett, of Florence, for appellant.

The effect of the chattel mortgage was at once to vest title in the appellant.   Bank of Andalusia v. Freeman, 200 Ala. 13, 75 So. 325; Horton v. Hovater, 11 Ala. App. 413, 66 So. 939.   The recording of the mortgage operated as notice to appellee and to the mechanics. Steele v. Adams, 21 Ala. 534;   Code 1923, § 6860.  The mortgagee had a claim prior to the lien for repairs, it not appearing that the mortgagee expressly or impliedly authorized the repairs.   Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694;  Wright v. Sherman, 3 S. D. 290, 52 N. W. 1093, 17 L. R. A. 792.   The mere failure of appellant's agent to object to the work being done did not operate to estop appellant claiming a lien on the car under its recorded mortgage.   Steele v. Adams, 21 Ala. 534;  Allen v. Clayton, 208 Ala. 29, 93 So. 658; 2 C. J. 443.

J. C. Roberts, of Florence, for appellee.

Where the mortgagor has expressed or implied authority from the mortgagee to procure repairs to be made on the chattel, the lien of the mechanic is superior to that of the chattel mortgage.   3 R. C. L. § 56;  Broom v. Dale, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146; Drummond Carriage Co. v. Mills, 54 Neb. 417, 74 N. W. 966, 4 L. R. A. 761, 69 Am. St. Rep. 719;  Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615;  Scott v. Mercer Auto Co., 88 W. Va. 92, 106 S. E. 425, 20 A. L. R. 246.

GARDNER, J.   Suit in detinue by appellant against appellee for recovery of a Ford car.   Plaintiff relied for recovery upon a mortgage, duly recorded, executed by one Gray, to whom plaintiff had sold the car, permitting him to have the possession and use thereof.   About one month from the date of sale the car was badly damaged by Gray, and was carried by him to the garage of Young and Poore for repairs, which were made, and considerable expense incurred.   The repair bill was not paid, and defendant's title is that of a purchaser at a public sale of the car, had pursuant to the enforcement of the statutory mechanic's lien.   Section 8863, Code 1923.  Whether or not the mechanic's lien is superior to plaintiff's title as mortgagee, was the pivotal question in the case.

Defendant offered evidence to the effect that one Bond (who was in the employ of plaintiff, and looking after the sale of its cars, including this particular car) came into the garage while the repairs were in progress, and was informed that the car under repair was the Gray car, and, with such knowledge,

made no objection thereto. Bond denied this, and a controverted issue of fact was thus presented.

[1] In Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694, the general rule was recognized that such statutory lien will not take precedence of a prior chattel mortgage, of which the lien claimant had actual or constructive notice at the time, unless the mortgagee expressly or impliedly authorized the mortgagor to engage the services or material for which the lien is claimed.

The case of Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615, was noted in the Mixon Case, supra, as an illustration of the doctrine that, in some instances, by the very circumstances of the case, as to property left by the mortgagee in possession of the mortgagor for some indefinite time with a knowledge of the necessity of repair for its continued use, preservation, and maintenance of its value as security, the incurring of such charges by the mortgagor may be held as having been done under the implied authority of the mortgagee, and this though the mortgagee had no actual notice of such repairs at the time. Reference to this authority is also found in Mathers v. Barrow, 202 Ala. 342, 80 So. 424.

But this court, in the Walden Case, supra, declined to extend this doctrine to the facts there presented, which, so far as the legal question involved is concerned, is analogous to the instant case, and held that, as the mortgagee had no notice of such repairs, his title must prevail. The other authorities therein cited, among them Broom v. Dale, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146, are distinguished upon the ground that it appeared the mortgagee had knowledge of the repairs and made no objection thereto.

[2] In the instant case, as to whether or not the mortgagee had such knowledge was a controverted issue of fact. Plaintiff reserved several exceptions to the oral charge of the court. We find merit in the exception to that portion of the court's charge which forms the seventh assignment of error. As we read and understand this portion of the charge, it applies the doctrine of the case of Watts v. Sweeney, supra, which was, in effect, held inapplicable in cases of this character in Walden Auto Co. v. Mixon, supra.

We think the evidence was sufficient from which the jury could infer that plaintiff's agent Bond was acting within the line and scope of his authority, and whether or not Bond had knowledge of these repairs at the time, as indicated by proof offered by defendant, presents the pivotal question of fact in the case.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.