(112 So. 758)

## TALLASSEE MOTOR CO. et al. v. GILLI-LAND BROS. (5 Div. 646.)

(Court of Appeals of Alabama. Feb. 1, 1927. Rehearing Denied March 8, 1927.)

Oakley W. Melton, of Wetumpka, for appellants.

Huddleston & Glover, of Wetumpka, for appellee.

SAMFORD, J. The claimant sold a truck to Graham, taking notes therefor reserving and retaining title in the seller (claimant here). While the truck was in Graham's possession, and being used by him, he procured plaintiff to repair same; the amount of said repairs being the amount of plaintiff's claim here. The retention title note was not re-

corded nor did plaintiff retain possession of the truck after repairing same, but delivered it to Graham. The notes being in default, claimant repossessed the truck.

Failing to retain possession of the truck, the plaintiff could not enforce his common-law lien, but is remitted to his rights, if any, under section 8863 of the Code of 1923. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Walden v. Mixon, 196 Ala. 346, 71 So. 694.

The conditional sale of the truck between claimant and Graham was not void, and, without the consent of the owner of the title, either express or implied, Graham had no power to contract in such manner as to fix a lien on the truck, as against the rights of claimant. Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

Plaintiff not being a purchaser for a valuable consideration, mortgagee landlord with a lien, or judgment creditor without notice, is not protected by section 6898 of the Code of 1923, requiring the recording of certain contracts.

There was no evidence from which the court could infer that the repairs were being made by plaintiff with the knowledge or consent of claimant. As against claimant this plaintiff had no lien on the truck. Campbell M. Co. v. Stanfield, 214 Ala. 506, 108 So. 515.

The judgment is reversed, and the cause is remanded.

The bill of exceptions was presented within 90 days from the date of the overruling of the motion for new trial. The motion to strike the bill of exceptions is overruled. Code 1923, § 6433.