(112 So. 831)

WOODLAWN INFIRMARY, Inc., et al. v. BYERS. (6 Div. 662.)

Supreme Court of Alabama.   April 7, 1927.

Rehearing Denied May 19, 1927.

1. Hospitals ⬳8—Pleading ⬳18—Complaint for death of infirmary patient from lockjaw held not demurrable for uncertainty and failure to state cause of action.

Complaint against infirmary and doctor therein for death of patient due to lockjaw alleging negligence in care of patient while being treated for appendicitis, *held* not demurrable as being uncertain and not stating cause of action.

2. Action ⬳38(4)—Action may be brought against infirmary and doctor for death from lockjaw caused by acts of both.

Action may be brought against infirmary and doctor for death from lockjaw, where death was due to acts of both, since injury constitutes indivisible cause of action, notwithstanding plaintiff might maintain separate suits.

3. Physicians and surgeons ⬳18(6)—Burden of proof is not shifted from plaintiff by showing unsuccessful result of doctor's treatment.

Burden of proof in death action against doctor is not shifted from plaintiff by showing that unsuccessful result attended treatment; doctrine of res ipsa loquitur being inapplicable.

4. Physicians and surgeons ⬳14(4)—Doctor is liable for failure to exercise skill employed in like case by physicians in same general neighborhood.

Civil action for malpractice against doctor may be sustained on proof of failure to exercise reasonable and ordinary care, diligence, and skill, or such care and skill as physicians and surgeons in same general neighborhood, pursuing same general line of practice, ordinarily employ in like case.

5. Hospitals ⬳8—In action for death by lockjaw, evidence that floors were dirty and swept by broom and room cold and uncomfortable held admissible.

In action against infirmary and doctor for death by lockjaw, evidence that floors were dirty and swept with broom, producing dust, and that room was cold and uncomfortable *held* properly admitted.

6. Evidence ⬳242(1)—In action against infirmary and doctor for death from lockjaw, statement of defendants' agent as to lack of serum held properly admitted.

In action against infirmary and doctor for death by lockjaw, doctor assisting in operation on deceased, and who took place of defendant doctor in latter's absence, was agent of both defendants, so that his statement as to lack of serum in infirmary when needed was properly admitted.

7. Hospitals ⬳8—In action against infirmary and doctor for death by lockjaw, evidence of another death from same disease a few days previous held admissible.

In action against infirmary and doctor for death from lockjaw, it was competent to show that at same infirmary another patient died of such disease a few days before death of plaintiff's daughter.

8. Hospitals ⬳8—In action for death from lockjaw, evidence that during 10 months two of three deaths in city from lockjaw were in defendant infirmary held inadmissible.

In action against infirmary and doctor for death by lockjaw, testimony of statistical clerk of city health department that during 10 months there were but three deaths from lockjaw, two of which were in defendant infirmary, *held* inadmissible as relating to collateral inquiry.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by J. W. Byers against the Woodlawn Infirmary, Inc., and another.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Count 1 is as follows:

"Count 1. Plaintiff claims of the defendants $100,000 as damages for that heretofore on, to wit, the 5th day of March, 1925, the defendant, Woodlawn Infirmary was engaged in the operation and conduct of a hospital or infirmary in the city of Birmingham, in Jefferson county, Ala., for the treatment of patients afflicted with physical ailments, for hire and reward; that the defendant J. H. Stephens was then and there a physician and surgeon by and through whom the defendant Woodlawn Infirmary undertook to treat patients; that on said date, to wit, March 5, 1926, plaintiff's minor daughter, Clara Byers, a member of plaintiff's family and household, was submitted by plaintiff to the care and treatment of said Woodlawn Infirmary and of the said physician and surgeon, the said J. H. Stephens; and plaintiff further avers that both of said defendants then and there undertook, for hire and reward to be paid to said Stephens or to said Woodlawn Infirmary, to treat plaintiff's said minor daughter medically and surgically for the illness with which she was then and there afflicted, namely, to wit, appendicitis; and while plaintiff's said minor daughter, Clara Byers, was in said Woodlawn Infirmary on said occasion and under the treatment of said defendant J. H. Stephens for a long time, to wit, for 11 days beginning on, to wit, the said 5th day of March, 1925, the defendant J. H. Stephens purported to treat the said Clara Byers medically and surgically for said ailment; and plaintiff avers that it then and there became and was the duty of the defendants to exercise reasonable care, skill, and diligence in and about the said treatment of plaintiff's said minor daughter then and there.

"Plaintiff avers that defendants negligently failed to use in and about the said treatment of plaintiff's said minor daughter reasonable care, or to use in and about said treatment reasonable skill, or to use in and about said treatment reasonable diligence; and, as a proximate consequence of said negligence of defendants, plaintiff's said minor daughter became infected with a malady known as, to wit, tetanus or lockjaw, and as a proximate consequence thereof plaintiff's said minor daughter, the said Clara Byers, died, on to wit, March 16, 1925."

Counts 2 and 3, in material respects, are the same as count 1.

To the complaint defendants separately demurred upon the following grounds:

(1) That it does not state facts sufficient to constitute a cause of action against this defendant.

(2) For that negligence is therein alleged merely as a conclusion of the pleader.

(3) For that it is vague, indefinite, and uncertain, in that it does not apprise this defendant with sufficient certainty against what act or acts of negligence it is called on to defend.

(4) For that it does not appear with sufficient certainty what duty, if any, it may have owed to the plaintiff.

(5) For that it does not appear with sufficient certainty wherein defendant violated any duty it may have owed to the plaintiff.

(6) For that it does not sufficiently appear that the defendant owed duty to the plaintiff which it negligently failed to perform.

(7) For that the averments set up, if true, do not show any liability on the part of the defendant herein.

(8) For that the pleader sets out in what said negligence consisted, and the facts so set out do not show negligence.

(9) For that there does not appear sufficient causal connection between defendant's said breach of duty and plaintiff's injuries and damages.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellants.

The duty, care, skill, and diligence required of physicians and surgeons is such reasonable and ordinary care, skill, and diligence which physicians and surgeons in the same general neighborhood in the same general line of practice ordinarily have and exercise in a like case. Infallibility in diagnosis and treatment of disease is not required; and, unless so provided by contract, the physician or surgeon does not warrant that he will effect a cure. Hamrick v. Shipp, 169 Ala. 171, 52 So. 932; Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863; Barfield v. So. Highlands Inf., 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097; Talley v. Whitlock, 199 Ala. 28, 73 So. 976; Sellers v. Noah, 209 Ala. 103, 95 So. 167; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Knowles v. Blue, 209 Ala. 27, 95 So. 481. Where action is in case for negligent performance of, or negligent failure to perform, a duty arising out of contract, the averment of the contract out of which the duty springs is a material part of the complaint and must be proven or else there is a fatal variance. There was no proof of any joint contract between the two defendants in this case. T. B. Redmond & Co. v. L. & N., 154 Ala. 311, 45 So. 649; McMahen v. W. U. T. Co., 209 Ala. 319, 96 So. 265; Hopper v. Crocker, 17 Ala. App. 372, 85 So. 843; Coal City M. Co. v. Davis, 17 Ala. App. 22, 81 So. 358; Hackney v. Perry, 152 Ala. 626, 44 So. 1029; N. A. R. Co. v. Mansell, 138 Ala. 548, 36 So. 459; Wilder v. Shannon, 21 Ala. App. 163, 106 So. 69; Knowles v. Blue, supra. Statements of agents and employees reciting facts of past transactions are not admissible in evidence against the principal. Ex parte A. G. S., 204 Ala. 504, 86 So. 100; Norwood Tr. Co. v. Bickell, 207 Ala. 232, 92 So. 464; Teague v. Ala. C. C. Bot. Co., 209 Ala. 205, 95 So. 883. Statements of agents are not admissible against the principal unless it is first proven that the agent was authorized to make them; and this cannot be proven by the actual conduct of the agent alone. Wise-

v. Schneider, 205 Ala. 537, 88 So. 662; Amer. Nat. Ins. Co. v. Brooks, 210 Ala. 317, 97 So. 790; Postal Co. v. Lenoir, 107 Ala. 640, 18 So. 266. Evidence of similar occurrences is not admissible in evidence unless it is proven that the conditions were the same. Southern R. Co. v. Lefan, 195 Ala. 295, 70 So. 249.

Barber & Barber, of Birmingham, for appellee.

If there was error in introduction by plaintiff of cards of persons dying with tetanus, it was cured by the subsequent introduction of same by defendant. Sup. Ct. rule 45, 4 Code 1923, p. 932; Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452. The complaint sufficiently alleges a joint community of purpose between the defendants, and joint negligence converging to produce the injury complained of. Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548. An objection to pleading, not specified in demurrer, is not available on appeal. Ala. Power Co. v. Talmadge, supra; Ill. Cent. v. Johnston, 205 Ala. 1, 87 So. 866. The records of health department of the city and county were competent and legal evidence. Metropolitan L. I. Co. v. Parks, 210 Ala. 261, 97 So. 788.

GARDNER, J. Plaintiff's minor daughter, Clara Byers, underwent an operation for appendicitis at Woodlawn Infirmary, performed by Dr. J. H. Stephens, and subsequent thereto developed tetanus or lockjaw, from which disease she died. Plaintiff sued the infirmary and Dr. Stephens to recover damages for the death of his daughter, alleged to have been produced by a want of reasonable care, skill, and diligence in her treatment.

At the close of plaintiff's evidence, defendant offered no proof, and the cause was submitted to the jury, resulting in a judgment for the plaintiff, from which defendants have prosecuted this appeal.

[1] The first questions presented relate to the sufficiency of the complaint and the action of the court in refusing the affirmative charge for the defendants, duly requested in writing. The complaint was sufficient as against any demurrer interposed thereto. McCoy v. L. & N. R. Co., 146 Ala. 333, 40 So. 106; Powell v. Thompson, 80 Ala. 51.

[2] The Woodlawn Infirmary (according to the complaint and the proof) was engaged in the operation and conduct of a hospital for the treatment of patients, for a reward, affected with physical ailments, and Dr. J. H. Stephens was the physician or surgeon by and through whom the said infirmary undertook to treat patients. As said in Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863:

"The allegations as to a contract are mere matters of inducement and to show the relation between the parties, and * * * that there was a breach of a duty, owing by the defendant to the plaintiff, based upon or growing out of the contractual relations between the parties."

The following excerpt from the opinion in McCoy v. L. & N. R. Co., supra, is here pertinent in respect to both the pleading and the proof:

"Where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrongdoers are liable for damages occasioned by the injury. It is also manifest that this single injury, in itself or of itself indivisible, constitutes an indivisible cause of action. This is true notwithstanding the fact that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly, and the mere pendency of suit or judgment without satisfaction could not be set up in defense by either tort-feasor."

See, also, Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548.

Plaintiff's daughter was a patient both of the infirmary and Dr. Stephens, the latter having the management and control of the former, its alter ego, as it were. There was no such fatal variance between the allegations and the proof as to justify giving the affirmative charge for defendants. Hackney v. Perry, 152 Ala. 626, 44 So. 1029.

[3] The rule is recognized in this state that the burden of proof is not shifted from the plaintiff by showing that an unsuccessful result has attended the treatment of the patient by the physician. "The doctrine of res ipsa loquitur does not apply to the mere fact of a blood infection, however closely, in temporal sequence, it may follow a medical treatment." Moore v. Smith, Adm'x, 215 Ala. 592, 111 So. 918.

[4] "A civil action for malpractice against a physician and surgeon may be sustained on proof of a failure to exercise reasonable and ordinary care, diligence and skill in respect to the duty so assumed and undertaken as physician and surgeon—such care and skill as physicians and surgeons in the same general neighborhood, pursuing the same general line of practice, ordinarily employ and exercise in a like case." Moore v. Smith, Adm'x, supra, and authorities therein cited.

A larger portion of the remaining questions relate to rulings on defendants' objections to evidence offered by plaintiff.

It may be here remarked that the evidence of plaintiff tended to show concurrent negligence of defendants, that is, as to the infirmary negligence as to the matter of cleanliness of the floor and the method of sweeping with broom, causing dust, rather than the use of mops (as shown to be in use in hospitals generally), improper sterilization of instruments, and insufficient heating of the rooms in which plaintiff's daughter was, and improper care of the wound following the operation, togeth-

er with a lack of necessary serum when needed in her case.

The jury, from the evidence, might reasonably infer that the major portion of these deficiencies were known to defendant Stephens, who was in control of the infirmary, and who so far as the proof shows took no steps to remedy the same. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23.

It would seem the proof also was sufficient for submission to the jury of the question as to whether or not there was unreasonable delay in the ascertainment of the condition of plaintiff's daughter as to lockjaw, and whether or not the known remedies were applied with sufficient diligence and promptness.

From this brief outline of the case, we think it sufficiently appears that the authorities relied upon by appellants are readily distinguishable. Tucker v. Mobile Infirmary Ass'n, 191 Ala. 572, 68 So. 4, L. R. A. 1915D, 1167; Barfield v. South Highland Infirmary, 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097; Hamrick v. Shipp, 169 Ala. 171, 52 So. 932; Parsons v. Yolande Coal & Coke Co., 206 Ala. 642, 81 So. 493.

[5] We have above indicated our view that the evidence the floors were dirty, swept by a broom, thus producing dust, and that the room was cold and uncomfortable was properly admitted.

[6] While, of course, the rule is well established that the declarations or conduct of one professing to be an agent of another cannot be received as evidence against the principal without independent proof of the agency, yet we think the evidence sufficient for the jury to infer that Dr. Smith, who assisted in the operation and who took Dr. Stephens' place in his absence, was in fact the agent of both defendants. His statement, therefore, made while acting in the line and course of his duties, as to a lack of serum in the infirmary when needed, was properly admitted. Ala. Power Co. v. Talmadge, supra.

The testimony for plaintiff, by the physician who testified as his witness, discloses that tetanus or lockjaw is infectious and contagious, and the germ may be communicated through the dust falling into the wound. Indeed, this is one of the conjectures of defendant Stephens according to plaintiff's testimony. Of course, the disease germ may get into the wound from the intestinal tract of the patient, and as to how one becomes so infected is, of course, largely a matter of conjecture.

[7] In view of the evidence above referred to and the infectious and contagious character of the disease of tetanus, we think it competent to show that at the same infirmary another patient died of this disease just a few days before the death of plaintiff's daughter. Gadsden Gen. Hospital v. Bishop, 209 Ala. 272, 96 So. 145. But the evidence was permitted to take a wider range and to the prejudice of defendants.

[8] Plaintiff was allowed to show from the cards of the health department of Birmingham, and by the testimony of the statistical clerk of that department, that in the entire city of Birmingham during ten months of the year in which plaintiff's daughter died, there were only three deaths from tetanus among the white population, and that two of these were in the defendant infirmary. The trial court first ruled against the admission of this evidence, but upon further argument and consideration permitted its introduction over defendants' objection. We think the court's first impression was the correct one. This was a collateral inquiry, and no effort made to show similar conditions as to patients or otherwise. The inquiry did not involve a matter of knowledge or intent, and does not come within any of the recognized exceptions to the rule as to inadmissibility of collateral facts.

In Mayor, etc., of Birmingham v. Starr, 112 Ala. 98, 20 So. 424 (a suit for damages sustained by walking on defective sidewalk), it was held inadmissible to show that other people at different times had fallen at the same place, the court saying:

"It was a collateral inquiry and, not involving knowledge or intent, does not come within the exception as to collateral facts."

See, also, Perrine v. Southern Bitulithic Co. et al., 190 Ala. 96, 66 So. 705; Southern R. Co. v. Lefan, 195 Ala. 295, 70 So. 249; 1 Greenl. on Evidence, § 448; Jones on Evidence (2d Ed.) § 137 et seq., and § 163.

As we have previously stated, the evidence as to the other patient dying at this infirmary a few days before the death of plaintiff's daughter was admissible in view of the contagious and infectious character of the disease, and should not be further extended to serve a double purpose of comparison with other infirmaries. Proof as to the matter of such collateral inquiry opens wide the door to speculation and conjecture, and if to be met by the defendants would require much inquiry into these collateral issues.

We are of the opinion the above authorities suffice to show the inadmissibility of such evidence. By this proof a comparison (unfavorable to defendants) was drawn between defendant infirmary and its physician and all other infirmaries and physicians in the city of Birmingham for a period of 10 months. It shows, as argued by counsel for plaintiff in the court below, that it is a rare disease, but, further, that of only three cases in the city during that period, two of them were at the defendant infirmary. That the evidence was of a highly prejudicial character admits of no serious doubt, and its admission must result in a reversal of the cause. The objections to this proof were timely, and exceptions duly reserved. Birmingham R., Light & Power Co. v. Barrett, 179 Ala. 274, 60 So. 262.

The two cards as to the death of plaintiff's

daughter and the other patient at the infirmary, offered in evidence by plaintiff, were not introduced in evidence subsequently by defendant's counsel, as expressly so stated by counsel on page 56 of the transcript. There is nothing in the record disclosing that the error here committed was cured, as argued by appellee.

It results that the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.