(116 So. 906)

## MATHESON et al. v. FARMERS' BANK & TRUST CO. (2 Div. 383.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Denied Jan. 31, 1928.

Bonner & Miller, of Camden, for appellants.

A. S. Johnson, of Thomasville, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J. Appellants rented a plantation in Wilcox county on January 7, 1925, to one Harvell for pasturage purposes at an agreed rental of $200 per year. Harvell continued in possession of the land for said purpose until July 26, 1926, without paying the rent for 1925 or 1926, when an attachment was run at the instance of appellants and a levy made on a number of cattle that had been pastured on said land during said time. The appellee, bank, filed a claim to the cattle levied on. Its claim was based on two mortgages, one dated March 3, 1924, and the other dated February 28, 1925, each of which was properly recorded within a day or so after its execution, which covered the cattle levied on.

It appears, without dispute, that the second mortgage was a renewal or extension of the first and that the first was never paid or surrendered to the mortgagor. The question is whether the landlord's lien on the cattle grazed on the place is inferior or superior to the mortgages on the same cattle.

Section 8894 of the Code 1923 provides:

"Owners of land, or their assignees, shall have a lien upon all live stock raised, grown or grazed upon rented land for the rent of said land for the current year, and which shall be paramount to all other liens. The liens shall exist only when the land is leased or rented or used for pasturing or grazing purposes."

It is not to be supposed that this statute was intended to violate fundamental rights of property, by enabling the possessor to create a lien without consent of the mortgagee, when the person in possession could confer no rights as against the mortgagee by a sale of the animals. There was no obligation on the landowner to rent the land for grazing purposes, to one who had mortgaged his animals nearly a year before, and of which the landowner is chargeable with actual notice. If the landowner does so, his lien is inferior to the mortgage. Chapman v. Montgomery, etc., Bank, 98 Ala. 528, 13 So. 764, 22 L. R. A. 78; Mayfield v. Spiva, 100 Ala. 223, 14 So. 47.

The rulings of the trial court were in accord with what we have said, and its judgment is affirmed.

Affirmed.