(121 So. 47)

## ELLIS MOTOR CO. v. HIBBLER et al.
### (5 Div. 17.)

Supreme Court of Alabama. March 21, 1929.

54

Jacob A. Walker and Richard H. Cocke, both of Opelika, F. M. De Graffenried, of Seale, and J. W. Kelley, of Phenix City, for appellees.

FOSTER, J. In this case appellant sold an automobile to one Kent and reserved title under a conditional sale contract. This occurred in Georgia. Kent brought the car into Alabama, and placed it with appellees for repairs. Appellees made the repairs, and retained the physical possession of the car under claim of a common-law lien. Appellant sued in detinue; judgment went to appellees.

The first question is whether appellees may retain the car as against appellant under a common-law lien for making the repairs. The conditional sale contract was not recorded in Alabama, but was recorded in Georgia. The recording statute of Alabama, section 6898, does not protect a mechanic with a lien. Tallassee Motor Co. v. Gilliland, 22 Ala. App. 21, 112 So. 758; Id., 216 Ala. 257, 112 So. 759. So that the case of Pulaski Mule Co. v. Koonce, 187 Ala. 533, 65 So. 783, Ann. Cas. 1916A, 877, does not apply.

Dickinson & Dickinson, of Opelika, for appellant.

While there is no Alabama case directly in point here, it has been settled in this state that under the circumstances here disclosed the statutory lien of the mechanic would not prevail against the conditional vendor. Tallassee Motor Co. v. Gilliland, supra. A common-law lien is a "right to retain the property until the lien is discharged is waived or lost by a release of the property without enforcement." Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 094; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Voss & Co. v. Robertson, 46 Ala. 483; Mobile B. & L. Ass'n v. Robertson, 65 Ala. 382, 390. This court has declined to apply the doctrine of implied authority to make repairs, asserted in the case of Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615, and others to like effect, from the fact of leaving the car in possession of the purchaser for an indefinite time with knowledge of the necessity of repairs for its continued use, preservation, and maintenance of its value as security. Campbell Motor Co. v. Stanfield, 214 Ala. 506, 108 So. 515; Walden Auto Co. v. Mixon, supra. By reason of such implied authority (repudiated in Alabama), the Supreme Court of Nebraska, New York, Massachusetts, and other states, have sustained the common-law lien against a mortgagee. Drummond Carriage Co. v. Mills, 54 Neb. 417, 74 N. W. 966, 40 L. R. A. 761, 69 Am. St. Rep. 719; Tucker v. Werner, 2 Misc. Rep. 193, 21 N. Y. S. 264; Hammond v. Danielson, 126 Mass. 294. It is said, in case of Sullivan v. Clifton, 55 N. J. Law, 324, 26 A. 964, 20 L. R. A. 719, 39 Am. St. Rep. 652, that it is one of the characteristics of common-law liens, as distinguished from statutory liens, that the former, as a rule, attach to the property itself without reference to its ownership, and override all other rights in the property, while the latter are subordinate to all prior existing rights. It is apparent, however, that this statement is not accurate as to all common-law liens. It seems to be based on the principle which applies to the lien of innkeepers and others of a public nature. This lien extends to the property of third persons brought as baggage by the guest, upon the theory that he is bound to receive the guest and his baggage, and this duty is deemed sufficient to give rise to a co-extensive lien. 32 C. J. 570. It is on the same principle that a common carrier has a lien for the carriage superior to other claims. 10 C. J. 460. Those liens are essentially different in that respect from the common-law lien of the mechanic. The latter lien is that of a bailee at common law. He is not, as a public utility, bound to accept an article for storage or repairs, but only does so at his election. 6 C. J. 1136.

The right of a mechanic to a prior lien is generally held to depend upon an express or implied authority by the other claimant, and without such authority, express or implied, it is not held to prevail over a prior mortgagee or a conditional vendor. 6 C. J. 1136; 24 R. C. L. 459; Drummond v. Mills, supra.

In the recent work on Automobiles by Blashfield, at page 2772, there is quite an instructive article dealing with the subject. This text recites the situation in the different states on this subject. It shows a difference of opinion in the states; all, however, are shown to be based upon a different view of the doctrine of implied authority. Where such implied authority is held to exist, the priority of the common-law mechanic's lien is supported; otherwise where not so held. The reasoning against the implied authority is there summarized from Ehrlich v. Chapple, 311 Ill. 467, 143 N. E. 61, 32 A. L. R. 989, as follows:

"In reply to the argument that commercial necessity requires that the artisan's lien be preserved, and that, where the mortgaged chattel is retained by the mortgagor, to be used in the course of the mortgagor's business, an artisan's lien should, in the nature of things, be considered prior to the mortgage, the Illinois Supreme Court has said that what constitutes commercial necessity is by no means easy of determination; that by reason of the facility with which chattels, such as automobiles, can be moved, the chattel mortgage has become a very important feature of the automobile business; that large sums of money are invested in the manufacture and sale of automobiles; * * * and that it would be difficult to say that the purpose for which a car is used is more of a commercial necessity than the means of its production or the protection of mortgage liens."

As above indicated, this court has already taken that position, and therefore we are virtually committed to the conclusion that the mechanic has no common-law lien, superior to a conditional vendor, whether the conditional sale is recorded or not, or whether the mechanic has other notice of such condition.

It results that appellant would be entitled to the affirmative charge unless it did some act to subordinate its rights to the lien of the mechanic. It also results that charge No. 2, refused appellant, states a correct principle of law.

The court in its general charge clearly instructed the jury that they must find for plaintiff unless the plaintiff authorized the work or had knowledge of it and made no objection, and left to the jury the decision of such express authority as one of fact. This was sufficient statement in so far as charge 2 is concerned. That charge was only the statement of a legal principle, the refusal of which will not reverse a case when the issue of fact is submitted to the jury in a way apparently satisfactory to the party requesting the charge. The requested charge did not direct the jury in respect to what result should follow from such a statement of the law.

The evidence shows that one Riley was plaintiff's "credit man" and went to appellees and conversed with one of them when the car was in their possession. Appellee testified that Riley told him that Kent was authorized to have the car repaired, but Riley denied making this statement. There was no sufficient objection that this was hearsay, and not a proper matter of admission by Riley. We refer to the well-settled rule that declarations of an agent cannot be received as evidence against the principal unless they accompany and illustrate an act of agency within the line and scope of the agent's authority. Snyder Cigar & Tob. Co. v. Stutts, 214 Ala. 132, 107 So. 73; Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548; Union Naval Stores Co. v. Pugh, 156 Ala. 369, 47 So. 48; Woodlawn Inf. v. Byers, 216 Ala. 210, 112 So. 831. If the objection made to some of the evidence of Hibbler applied to this, the objection was only on the ground that it was incompetent, illegal, immaterial, and irrelevant. It was shown in the case of Snyder Cigar & Tob. Co. v. Stutts, supra, that such objection does not present the question that it is hearsay, or that it does not accompany and illustrate an act of agency of the declarant. We cannot say, therefore, that admissibility of such evidence is sufficiently presented for decision. But Riley, as stated, was appellant's "credit man," passed on this credit risk, and went to Hibbler (appellee) in response to a phone message from Hibbler to appellant about the car, and his mission as such credit man was presumably to see about getting the car for appellant or making some arrangement about the debt. In connection with this business, and in discussing their respective rights, he made the statement mentioned above, as Hibbler testified. This statement may be found by the jury to have been made while he was acting in the line and course of his duties, accompanying and illustrating them. Woodlawn Inf. Co. v. Byers, supra. With such evidence before the court, the affirmative charge was properly refused appellant.

In view of the fact that Riley is alleged to have stated that, when the car was sold Kent, he was authorized to have it repaired, we cannot say it was error to require Riley to testify to facts showing that the officers of appellant knew the use Kent was to make of the car and that in the course of such use it would have to be repaired, and the nature of such probable repairs. We think such evidence alone is not sufficient to show an implied authority in view of our decisions, but is relevant in connection with evidence of express authority.

There was no error in allowing Hibbler to testify as to the nature and reasonable value of the repairs and that they had never been paid.

We find no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.