(126 So. 893)

### JORDAN v. J. E. ROTTEN & CO.

### 5 Div. 769.

Court of Appeals of Alabama.
March 18, 1930.

466

Pruet & Glass, of Ashland, for appellant.

J. Sanford Mullins, of Alexander City, for appellee.

SAMFORD, J.

The plaintiffs in this suit are mechanics, and as such claim a lien on a certain Ford car for work and repairs and parts furnished for said car at the request of the owner. They seek to enforce their statutory lien under section 8863 of the Code of 1923, by attachment as is provided by statute. So far as the defendant in the original suit is concerned, the plaintiffs' right seems clear and undisputed. But this claimant claims priority by reason of a mortgage on the automobile executed by defendant to him on June 15, 1928, and duly recorded in the office of the judge of probate of Clay county on June 16, 1928. There is no dispute as to the bona fides of this mortgage. The evidence for plaintiff tends to prove that the work was done and material furnished "a short time prior" to May 2, 1928. The undisputed evidence is that on May 2, 1928, the defendant in execution did not have title to the car, which was bought with the money obtained from claimant on the mortgage. The evidence for claimant tends to prove, and is without dispute, that claimant loaned to W. B. Nix, the defendant in execution, the $40 with which to buy the car, taking a mortgage therefor at the time of the transaction, without any notice of plaintiffs' claim, that the mortgage was recorded next day and that plaintiffs did the work on the car and furnished the materials thereafter, without his knowledge and consent.

The plaintiffs, not having retained the car in their possession, lost the right to enforce their common-law lien. Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694; Tallassee Motor Company v. Gilliland, 22 Ala. App. 21, 112 So. 758; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

Under either aspect of the testimony, the plaintiffs were not entitled to recover as against this claimant. If Nix, the defendant in attachment, was not the owner of the car at the time the repairs were made, and such repairs were made without the authority or consent of the owner, the plaintiffs cannot recover. Ellis Motor Co. v. Hibbler, 219 Ala. 53, 121 So. 47. The doctrine of implied authority to contract for repairs by the party in possession of an automobile is expressly repudiated in this state. Ellis Motor Co. v. Hibbler, supra.

If, on the other hand, the repairs were made after the mortgage was given and recorded, without the knowledge or consent of the claimant, the mortgagee is protected by his mortgage. Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694. As against this claimant, the plaintiffs have no lien, and the trial court should have so found. Campbell M. Co. v. Stanfield, 214 Ala. 506, 108 So. 515.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.