153 So. 659

### GRACE v. WOOLEY et al.
### 7 Div. 52.

Court of Appeals of Alabama.
March 20, 1934.

W. W. Wallace, of Columbiana, for appellees.

M. B. Grace, of Birmingham, for appellant.

SAMFORD, Judge.

The movant sued out a writ of attachment against H. G. Meyers, a nonresident. The writ was levied on an automobile, the property of the said Meyers, in the garage of J. E. Haynes, at Calera, Ala. Movant obtained a judgment in the attachment suit for the sum of $1,000 and the property levied on was ordered sold to satisfy the judgment. The defendant sheriff, after due notice, sold the automobile according to the order of the court to the highest bidder at and for the sum of $167 and the automobile was delivered to the purchaser. Failing to pay over the money, the proceeds of the sale, on demand of movant, this motion is filed, of which defendants have had due notice under section 10232 of the Code of 1923.

On the trial of the motion it developed that the automobile levied on had been wrecked on the public highway, some four miles from Calera, that Meyers, the owner, had made arrangements with J. E. Haynes, the owner of a garage and repair shop in Ca-

lera, to pull the car in and to repair it doing whatever was necessary to put the car in first class repair and that the car would stand for the repairs. On December 4, 1931, and before any work had been done on the car under the contract between Haynes and Meyers, the attachment writ was levied and Haynes was notified by Mr. Ellis, attorney for the plaintiff in attachment, not to do any repairs on the car. The car after levy was left with Haynes until after judgment and condemnation and was then delivered by Haynes to the sheriff who sold the car at public outcry under the order of the court and the car was bought in by Haynes and was by the sheriff delivered to him. The sale was for cash, but the sheriff claims he extended credit for the car to Haynes.

 When the sheriff executed the order of the court by selling the car, so far as this movant is concerned the sale was for cash and the sheriff was chargeable with it. If he extended credit to Haynes, the purchaser, he did it on his own responsibility and he was bound by his official duty to make due return of the proceeds to the clerk of the court. Code 1923, § 7813; Higdon v. Fields, 16 Ala. App. 182, 76 So. 466.

When such return is made, the sheriff can then make proper settlement of his costs with the clerk, which in this case are the items allowed by law in such cases, plus such reasonable sum or sums as was necessary for the care and preservation of the property pending the litigation and sale.

It is claimed by defendant that Haynes, the purchaser of the automobile, had a mechanic's lien on the car for work and labor done and that in this proceeding he is entitled to such credit. This is no proper place or proceeding to litigate that question. If Haynes had a lien, it was under the common law and to retain it he must have retained possession. Jordan v. J. E. Rotten & Company, 23 Ala. App. 465, 126 So. 893; Tallassee Motor Company v. Gilliland Brothers, 22 Ala. App. 21, 112 So. 758; Alexander v. Mobile Auto Company, 200 Ala. 586, 76 So. 944. The sheriff cannot substitute himself as an arbiter in matters involving the rights of parties to property. That function is reserved to the courts and provision is made for such contests in section 10375 et seq. of the Code of 1923; or Haynes might have intervened in a proper way to have had the court to pass upon the priorities. The sheriff is an executive officer and has nothing to do with these questions. Moreover,

under the evidence no work had been done on the car prior to the levy of the attachment writ. It is settled in this state that a mechanic's lien for work and labor performed and material furnished attaches at the time the work is begun and not at the time the contract is entered into. Wahouma Savings Bank v. Southern Plumbing & Heating Company, 220 Ala. 140, 124 So 388.

The judgment, therefore, to be rendered in this case is for $167. On this amount the defendant is entitled to a credit for his own costs as fixed by law and a reasonable sum for his expense in taking care of the property, which would include a reasonable storage charge. To the amount thus ascertained is to be added 5 per cent. per month damages from the date of demand for payment on, to wit, December 17, 1932.

The trial in the circuit court was not had in conformity to the foregoing opinion, and for the errors committed the judgment is reversed and the cause is remanded.

Reversed and remanded.