17 So.2d 286

### BILLINGSLEY v. McRAE.

### 5 Div. 393.

Supreme Court of Alabama.

March 23, 1944.

J. B. Atkinson, of Clanton, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellee.

STAKELY, Justice.

The appellant, C. H. Billingsley, claimed a lien upon a mare and colt of Doyle McRae, appellee, under § 75, Title 33, Code of 1940, for the services of a jack, and filed suit in the Justice of Peace Court to enforce the lien. Judgment was rendered for appellant and appellee took an appeal to the circuit court. Upon trial in the circuit court before a jury the appellee was given the general affirmative charge. Thereupon appellant took a non-suit, with bill of exceptions, and brings this appeal.

The lien sought to be established under § 75, Title 33, Code of 1940, can only arise by contract, express or implied, with the owner of the property or with

someone duly authorized by the owner. Mayfield v. Spiva, 100 Ala. 223, 14 So. 47; J. C. Walden Auto. Co. v. Mixon, 196 Ala. 346, 71 So. 694; Jordan v. J. E. Rotten & Co., 23 Ala.App. 465, 126 So. 893.

The evidence in this case has been carefully considered by the entire court. The court has concluded that there are tendencies of the evidence which make the case one which should have been submitted to the jury. There are tendencies of the evidence from which the jury would have the right to infer that Bill McRae, the brother of Doyle McRae, was acting for Doyle McRae in having the mare, which belonged to Doyle McRae, bred to the jack of appellant. This would be true, even if Doyle McRae was the undisclosed principal of Bill McRae. 3 C.J.S., Agency, § 244, page 170. Of course, actual authority may be implied from the facts and circumstances attending the transaction. 2 Am.Jur. § 86, page 70.

Reversed and remanded.

All the Justices concur.