56 So.2d 382

### OWENS v. TARLETON.
#### 1 Div. 638.

Court of Appeals of Alabama.
Jan. 15, 1952.

Windell C. Owens, Monroeville, for appellant.

T. Watrous Garrett, Grove Hill, for appellee.

CARR, Presiding Judge.

In October 1950 the Owens Truck & Tractor Company sold an automobile to Irby Lee Jones. The terms of the sale were an allowance for a car traded in and a conditional sales contract on a monthly pay basis for the balance due.

In December 1950 Jones paid a part of the first installment, and no other payments were made prior to January 1951 at which time the instant detinue suit was filed.

The conditional sales agreement was filed for record in the Office of the Judge of Probate of Clarke County, Alabama on January 17, 1951.

On December 23, 1950, at the instance of Jones and without the knowledge or consent of the vendor, Clausell Tarleton doing business as Tarleton's Garage made certain repairs to the automobile in question. The repair bill was not paid, and the repairman held the automobile. The mechanic did not have actual or constructive notice of the existence of the unpaid conditional sales agreement.

On demand of the vendor possession of the car was refused, and this suit was instituted.

The case was tried below by the judge without a jury and the trial resulted in a judgment in favor of the defendant.

The question of critical concern appears from the recitation of the undisputed facts.

■ Under the rule in our jurisdiction the mere possession of the car did not create an implied authority from the vendor to the vendee to contract for the repairs. This was true even though the former knew that the value of his security depended upon reasonable and necessary repairs to the car. Ellis Motor Co. v. Hibbler, 219 Ala. 53, 121 So. 47; Jordan v. J. E. Rotten & Co., 23 Ala.App. 465, 126 So. 893; Campbell Motor Co. v. Stanfield, 214 Ala. 506, 108 So. 515.

Title 47, Sec. 131, Code 1940, 1949 Cum. Supp. and Act No. 292, p. 584, Reg. Session 1951 relating to the recordation of conditional sales contracts does not provide for any protection to the lien right of a mechanic, only "purchasers for a valuable consideration." Mortgagee landlords with liens and judgment creditors without notice thereof are included under the protective provision. Tallassee Motor Co. v. Gilliland Bros., 22 Ala.App. 21, 112 So. 758.

In the case of Ellis Motor Co. v. Hibbler, supra [219 Ala. 53, 121 So. 48], the vendor of an automobile reserved title under a conditional sales contract. The sale was consummated in Georgia and the contract was recorded only in that state. The purchaser had the car repaired by a mechanic in Alabama. The repairman retained the physical possession of the car under claim of a common law lien for the unpaid repair bill.

In the court below the vendor recovered in a detinue action against the mechanic.

On appeal the Supreme Court affirmed this judgment and in response to the review held in part: " * * * we are virtually committed to the conclusion that the mechanic has no common-law lien, superior to a conditional vendor, whether the conditional sale is recorded or not, or whether the mechanic has other notice of such condition."

See also, Tallassee Motor Co. v. Gilliland Bros., supra; Walden Auto Co. v. Mixon, 196 Ala. 346, 71 So. 694; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

■ The above authorities are decisive of the question of instant concern.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.