This case concerns the difficulties associated with a 1973 Kenworth diesel truck. The facts, as stipulated pursuant to Rule 10 (e), ARAP, are as follows: Carroll Kenworth Truck Sales sold the truck to W.O. Barton on November 22, 1972. The sale was upon a conditional sales contract by which Carroll retained a security interest. Carroll assigned the contract to Associates Financial Services Co., Inc., which duly perfected its security interest.
Barton later delivered the truck to Peavy's Service Center, Inc. for repairs. Repairs costing $1,300.00 were made and the truck was returned to Barton, without payment. Thereafter Barton again took the truck to Peavy's for repairs. The bill on this occasion was $2,151.05, which was not paid. Peavy's retained possession of the vehicle, asserting a common law possessory mechanic's lien on the vehicle.
Associates filed a complaint, motion for writ of attachment and affidavit in support thereof on August 8, 1975. Peavy's answered, contending its common law mechanic's lien as to the $2,151.05 was superior to Associates' perfected security interest in the truck. Peavy's does not contend its claim regarding the $1,300.00 bill is superior to Associates' perfected security interest. See Ford Motor Cr. Co. v. HowellBros. T. A. Repair, Inc., 57 Ala. App. 46, 325 So.2d 562.
Associates amended its complaint to include Carroll Kenworth as plaintiff. The trial court, on September 11, 1975, entered judgment in favor of Associates and Carroll Kenworth; holding that Associates' perfected security interest was superior to Peavy's mechanic's lien. The court further found that Associates had not authorized repair of the vehicle by language in the contract requiring the buyer to keep the vehicle in good condition and repair. Peavy's argues on appeal that both of these holdings were erroneous.
Alabama is one of the states which provides two mechanic's liens. Title 33, Section 25, Code of Alabama (1940) sets out the statutory mechanic's lien. However, it merely supplements, not supplants, *Page 171 
the common law mechanic's lien. Howell v. Dodd, 229 Ala. 393,157 So. 211. The common law lien is a possessory lien and is lost by release of the property. Alexander v. Mobile Auto Co.,200 Ala. 586, 76 So. 944. The statutory lien is not dependent upon maintaining possession, but may be perfected after release of the property. Gober Motor Co. v. Valley Securities Co.,23 Ala. App. 290, 124 So. 395. Though the liens serve the same purpose and arise under similar circumstances, they are distinct and separate.
Prior to passage of the Uniform Commercial Code both the common law and statutory mechanic's liens were subordinate to a secured party under a conditional sales contract, chattel mortgage, etc. Owens v. Tarleton, 36 Ala. App. 366,56 So.2d 382; Tallassee Motor Co. v. Gilliland Bros., 22 Ala. App. 21,112 So. 758. The UCC, by Section 9-310 (Title 7A, § 9-310, Code), changed this rule as to the common law possessory lien.
 "When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."
The purpose of this basic change, as stated in Comment 1 to Section 9-310, is to make liens for claims arising from work intended to enhance or preserve the value of the collateral superior to an earlier security interest.
The "unless" clause in Section 9-310 provides that certain possessory liens may become subordinate to a prior perfected security interest. This occurs when (1) the lien is statutory and (2) the statute expressly makes the lien subordinate. In 1965, the legislature, simultaneously with passage of the UCC, amended Title 33, Section 25 so as to subordinate that statutory lien to a prior perfected security interest, unless the secured party authorized the repairs. Bryce Hospital CreditUnion, Inc. v. Warrior Dodge, Inc., 50 Ala. App. 15,276 So.2d 602.
Undoubtedly, the purpose of the amendment was intended to subordinate the lien given by Title 33, Section 25, Code of Alabama (1940), to a prior perfected security interest as permitted by Section 9-310, UCC. However, such amendment was unnecessary and had no actual effect. The priority given by Section 9-310 did not change the law as to a lien arising and perfected under Title 33, Sections 25-28. Such lien is not a possessory lien. Section 9-310 applies only to possessory liens. This state does not have a statutory mechanic's possessory lien such as the common law lien. Therefore, Section 9-310 did not give priority to the statutory lien. The 1965 amendment merely codified the law of priority as it then existed. The amendment did nothing to subordinate the priority given the common law possessory lien by Section 9-310 of the UCC.
The Court of Appeals of Tennessee was presented a similar question as here in Forrest Cate Ford v. Fryar, 8 UCC 239 (1970), as was the Supreme Court of Tennessee in the case ofManufacturers Acceptance Corp. v. Gibson, 220 Tenn. 654,422 S.W.2d 435 (1967).
We conclude that a common law possessory mechanic's lien by virtue of Section 9-310 UCC has priority over a prior perfected security interest. The amendment to Title 33, Section 25, Code, has no application to such lien.
We perceive no need to discuss other contentions of appellant presented in brief and oral argument.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 172